U0.NITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL STAFFORD and<br>TELEA STAFFORD, | §<br>§<br>§ | |
| *Plaintiffs*, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:18-cv-3274 |
| WILMINGTON TRUST, NATIONAL<br>ASSOCIATION, NOT IN ITS<br>INDIVIDUAL CAPACITY, BUT<br>SOLELY AS TRUSTEE FOR MFRA<br>TRUST 2014-2 SERVICING and FAY<br>SERVICING, LLC, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants*. | § | |

**DEFENDANTS' BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

DATE:        October 10, 2019.

Respectfully submitted,

**HOPKINS LAW, PLLC**

By:    /s/ *Mark D. Hopkins*
       Mark D. Hopkins
       State Bar No. 00793975
       Shelley L. Hopkins
       State Bar No. 24036497
       3809 Juniper Trace, Suite 101
       Austin, Texas 78738
       (512) 600-4320
       mark@hopkinslawtexas.com
       shelley@hopkinslawtexas.com

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

Crystal G. Gibson
State Bar No. 24027322
4004 Belt Line Rd., Ste. 101
Addison, Texas 75001
(972) 340-7901
(972) 341-0783 (Facsimile)
CrystalR@bdfgroup.com

**ATTORNEYS FOR DEFENDANTS**

ii

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................ iii

TABLE OF AUTHORITIES ................................................................................................... iv

I.   PROCEDURAL BACKGROUND & SUMMARY ...................................................... 1

II.  FACTUAL BACKGROUND ....................................................................................... 2

III. SUMMARY JUDGMENT EVIDENCE ...................................................................... 4

IV.  STANDARD OF REVIEW .......................................................................................... 4

V.   ARGUMENT AND AUTHORITIES .......................................................................... 5

    A.    Plaintiffs' Claim for Breach of Contract Fails............................................................. 5

    B.    Plaintiffs Are Not Entitled to Declaratory Relief. ...................................................... 8

        (i)    Plaintiffs are Not Entitled to Declaratory Judgment on Standing................................. 9

        (ii)    Plaintiffs are Not Entitled to Declaratory Judgment For "Procedural Defects" ........... 10

    C.    Plaintiffs Are Not Entitled to Injunctive Relief ................................................ 11

    D.    Counterclaim for Foreclosure ....................................................................... 12

VI.  CONCLUSION............................................................................................................ 12

CERTIFICATE OF SERVICE .............................................................................................. 14

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 248 (1986).................................................................................................... 4

*Barcenas v. Fed. Home Loan Mortg. Corp.*,
    2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) ...................................................... 11

*Bauer v. Texas,*
    341 F.3d 352, 358 (5th Cir. 2003) ................................................................................. 8

*Brown v. Ke-Ping Xie,*
    260 S.W.3d 118, 122 (Tex. App. - Houston [1st Dist.] 2008, no pet.) ...................... 11

*Capital One v. Swisher-35, Ltd.*,
    2008 WL 4274499, at *2 (N.D. Tex. Sept. 17, 2008)................................................... 9

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 323 (1986)................................................................................................ 4

*Cheaton v. JPMorgan Chase Bank, N.A.*,
    No. H-11-1777, 2012 WL 298533, at *2 (S.D. Tex. Feb. 1, 2012) ........................... 11

*Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*,
    915 F.2d 167, 170 (5th Cir. 1990) ......................................................................... 8, 9

*Cross v. Cummins Engine Co.*,
    993 F.2d 112, 114 (5th Cir. 1993) ................................................................................ 5

*De La Mora v. CitiMortgage, Inc.*,
    No. 7:17-cv-468, 2015 WL 12803712, at *2 (S.D. Tex. Jan. 26, 2015).................... 8

*Doss v. Homecoming Financial Network*, Inc.,
    210 S.W.3d 706, 713 (Tex. App.—Corpus Christi 2006, pet. denied)...................... 6

*EEOC v. Chevron Phillips*,
    570 F.3d 606, 612 n. 3 (5th Cir. 2009) ........................................................................ 5

*Farkas v. GMAC Mortg., L.L.C.,*
    737 F.3d 338, 342 (5th Cir. 2013) ............................................................................... 10

*Foster v. Deutsche Bank National Trust Company,*
    848 F.3d 403, 406 (5th Cir. 2017) .............................................................................. 11

*Gulf Pipe Line Co. v. Nearen*,
    135 Tex. 50, 138 S.W.2d 1065, 1068 (Tex. 1940) ................................................... 6

*Herrera v. Emmis Mortgage*,
    1995 WL 65461 *4 (Tex. App. - San Antonio, Nov. 8, 1995) ................................... 7

*Holy Cross Church of God in Christ*,
    44 S.W.3d 562, 566 (Tex. 2001) ............................................................................... 7

*Hovorka v. Cmty. Health Sys., Inc.*,
    262 S.W.3d 503, 508-09 (Tex. App.—El Paso 2008, no pet.) .................................. 5

*In re Sissom*,
    366 B.R. 677, 697 (Bankr. S.D. Tex. 2007) .............................................................. 3

*Kazmi v. BAC Home Loans Servicing, L.P.*,
    2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012) ................................................... 9

*Kyle v. Countrywide Home Loans*, Inc.,
    232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied) ................................. 12

*Little v. Liquid Air Corp.*,
    37 F.3d 1069, 1075 (5th Cir. 1994) ..................................................................... 4, 5

*Matsushita Elec. Co. v. Zenith Radio Corp.*,
    475 U.S. 574, 587 (1986) .......................................................................................... 5

*McKeehan v. Wilmington Savings Fund Society, FSB*,
    554 S.W. 3d 692 (Tex. App. - Houston [1st. Dist.]) ............................................... 12

*Ogden v. Gibraltar Savings Association,*
    640 S.W.2d 232 (Tex. 1982) ..................................................................................... 7

*Ragas v.  Tennessee Gas Pipeline Co.*,
    136 F.3d 455, 458 (5th Cir. 1998) ............................................................................ 5

*Ramsey v. Henderson*,
    286 F.3d 264, 269 (5th Cir. 2002) ............................................................................ 5

*Reed v. City of Arlington*,
    650 F.3d 571, 574-77 (5th Cir. 2011) ...................................................................... 3

*Sgroe v. Wells Fargo Bank, N.A.*,
    941 F.Supp.2d. 731, 747 (E.D. Tex. 2013) ............................................................... 6

*Smith v. Wells Fargo Bank, N.A.*,
   2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014) .................................................................. 11

*Thompson v. Bank of Am., N.A.*,
   13 F. Supp. 3d 636, 646 (N.D. Tex. 2014) ................................................................................ 8

*Thompson v. Chrysler First Bus. Credit Corp.*,
   840 S.W.2d 25, 30-31 (Tex. App. - Dallas 1992, no writ) ........................................................ 7

*Turner v. Baylor Richardson Med. Center*,
   476 F.3d 337, 343 (5th Cir. 2007) ............................................................................................ 5

*Wells Fargo Bank, N.A. v. Robinson*,
   391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.) .......................................................... 8

*Wright v. Christian & Smith*,
   950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ..................................... 8

## **Statutes**

Tex. Prop. Code § 51.002(e) ............................................................................................ 6, 7

Tex. Prop. Code § 51.0001(4) ........................................................................................... 10

Tex. Prop. Code. § 51.002 ............................................................................................ 6, 10

Tex. Civ. Prac. & Rem. Code §12.002 .............................................................................. 1

## **Rules**

Fed. R. Civ. P. 56 ............................................................................................................... 1

Fed. R. Civ. P. 56(c) ........................................................................................................... 4

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 ("Wilmington") and Fay Servicing, LLC ("Fay Servicing" or collectively as "Defendants") hereby file this Brief in Support of Motion for Summary Judgment requesting that the Court dismiss the claims asserted against them in Plaintiffs Paul Stafford and Telea Stafford's Original Petition, Application for Temporary Restraining Order and Temporary Injunction (the "Complaint") [Doc. 1-1] and grant summary judgment as to Defendants' claims asserted in its Counterclaim [Doc. 3].

## I. PROCEDURAL BACKGROUND & SUMMARY

1.  On December 3, 2018, Plaintiffs Paul Stafford and Telea Stafford (hereinafter "Plaintiffs" or the "Staffords") filed Plaintiffs' Original Petition, Application for Temporary Restraining Order and Temporary Injunction in the 101st District Court of Dallas County, Texas, bearing Cause Number DC-18-18006, seeking to delay foreclosure of the property made subject of this suit.

2.  On December 13, 2018, Defendants Wilmington and Fay removed this case to the present court based on the Court's diversity jurisdiction. Defendants filed their Answer and Counterclaim for foreclosure on December 20, 2018 [Doc. 3].

3.  This matter is set for jury trial on January 13, 2020.

4.  Plaintiffs' Complaint [Doc. 1-1] asserts three causes of action against Fay Servicing (the mortgage servicer) and Wilmington (the owner of the Note and beneficiary of Deed of Trust) upon which Plaintiffs seek to forestall foreclosure and receive actual damages. Plaintiffs assert claims for (1) breach of contract, (2) declaratory judgment (as to standing), and (3) declaratory judgment (as to procedural defects).

1

5. Defendants assert that the relationship between the parties is strictly defined by the contractual terms contained within the loan documents. The loan documents require Plaintiffs to make monthly mortgage payments, inclusive of principal, interest, and escrow items. As a result of Plaintiffs failing to pay their monthly payments required under the Note, foreclosure proceedings were instituted. Defendants' evidence conclusively establishes that Plaintiffs breached the terms of the loan agreement and proper notices of default and acceleration were provided under the Deed of Trust and Texas Property Code. Plaintiffs' claims for breach of contract, declaratory judgment for procedural defects and declaratory judgment as to standing all fail as a matter of law due to the incontrovertible summary judgment evidence. Further, Defendants are entitled to judgment on their counterclaim for foreclosure based upon the summary judgment evidence.

## II.  FACTUAL BACKGROUND

6. On November 30, 2007, Plaintiffs executed a Note (the "Note") in the amount of $810,561.00 made payable to Bank of America, N.A. to obtain a loan on the Property, commonly known as 12923 Epps Field Road, Farmers Branch, Texas 75234 and legally described as follows:

> LOT 1, IN BLOCK A, OF VALLEY VIEW/STAFFORD, AN ADDITION TO THE CITY OF FARMERS BRANCH, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CLERK'S FILE NO. 20070315299 PLAT RECORDS, DALLAS COUNTY, TEXAS.

7. The Note requires Plaintiffs to make monthly principal and interest payments on the first day of each month in the amount of $5,529.46 beginning on January 1, 2009, and continuing each month until paid in full.1  The Note provides that Plaintiffs will be in default if they do not pay the full amount of each payment on the date the payment is due. *Id*.  If Plaintiffs default, the Note permits the acceleration of the maturity date of the Note, in which event the

---

1 *See* Exhibit A and A-1.

2

remaining unpaid balance becomes immediately due and payable in full.  *Id.*

8. Contemporaneously with the execution of the Note, Plaintiffs executed a Deed of Trust (the "Deed of Trust"), which granted a security interest in the Property to secure repayment of the Note.[2]  The Deed of Trust provides that Plaintiffs shall pay when due the principal of, and interest on, the debt evidenced by the Note and any late charges due under the Note.  The Deed of Trust authorizes Defendants to accelerate the maturity date of the Note and to foreclose on the Property pursuant to a court order should Plaintiff default.  The Note and Security Instrument are collectively referred to herein as the "Loan" or the "Loan Agreement."  Wilmington is the beneficiary of the Deed of Trust pursuant to assignment recorded in the official public records of Dallas County, Texas.[3]

9. Plaintiffs do not (and cannot[4]) deny that they are in default on the monthly payments owed under the Loan.  As a result, Plaintiffs have defaulted on their payment obligations under the Loan by failing to submit monthly payments as agreed.  The Loan is currently due for the April 1, 2015 payment and all payments that have become due after that date.  Through October 18, 2019 the amount necessary to pay off the Loan is $910,540.39.[5]

---

[2] *See* Exhibit A and A-2.

[3] *See* Exhibit A and A-3.

[4] *See* Telea Stafford's Bankruptcy filings *In Re Stafford,* Case No. 18-31279 in the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division.  Simply put, "statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions." *Larson v. Groos Bank, N.A.*, 204 B.R. 500, 502 (W.D. Tex. 1996) (citing *In the Matter of Gervich,* 570 F.2d 247, 253 (8th Cir. 1978); When a debtor represents values to the court in the schedules, he is estopped from denying their accuracy. *In re Sissom*, 366 B.R. 677, 697 (Bankr. S.D. Tex. 2007); see also *Reed v. City of Arlington*, 650 F.3d 571, 574-77 (5th Cir. 2011) ("[J]udicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate."). Defendant requests the Court take judicial notice of the publicly filed Bankruptcy pleadings.

[5] *See* Exhibit A.

### III. SUMMARY JUDGMENT EVIDENCE

10. Defendant attaches hereto and incorporate by reference the following exhibits in support of their Motion for Summary Judgment:

**Exhibit A**   Declaration of Fay Servicing, LLC ("Ex. A") is incorporated herein by reference, and authenticates the following exhibits referenced therein:

| | |
|---|---|
| Exhibit A-1: | Note |
| Exhibit A-2: | Deed of Trust |
| Exhibit A-3: | Assignment(s) |
| Exhibit A-4: | Notices of Default |
| Exhibit A-5: | Notice of Acceleration |

### IV. STANDARD OF REVIEW

11. Summary judgment is proper under Rule 56 of the Federal Rules of Civil Procedure when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non- movant's case; the movant does not have to support its motion with evidence negating the non- movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

12. If the movant succeeds, the nonmovant must come forward with evidence "such that a reasonable party could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant "must come forward with 'specific facts

showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993).

13. The non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are also not adequate to satisfy the non-movant's burden. *Little*, 37 F.3d at 1079; *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). Nor are pleadings competent summary judgment evidence. *Little*, 37 F.3d at 1075. A "district court may not make credibility determinations or weigh evidence when deciding a summary judgment motion." *EEOC v. Chevron Phillips*, 570 F.3d 606, 612 n. 3 (5th Cir. 2009). Nor does the court have to sift through the record in search of evidence to support opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

## V. ARGUMENT AND AUTHORITIES

### A. Plaintiffs' Claim for Breach of Contract Fails

14. Under Texas Law, to prevail on their breach of contract claim, Plaintiffs must plead and prove that: (1) Plaintiffs and Defendants are parties to a valid and enforceable contract; (2) Plaintiffs performed, tendered performance, or were excused from performing under the contract; (3) Defendants breached the contract; and (4) Defendants' breach caused Plaintiffs injury. *Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 508-09 (Tex. App.—El Paso 2008, no pet.); *Doss v.*

5

*Homecoming Financial Network*, Inc., 210 S.W.3d 706, 713 (Tex. App.—Corpus Christi 2006, pet. denied).

15. In the mortgage context, a borrower who breaches his obligations under the note and deed of trust is precluded from asserting a breach of contract action. See *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d. 731, 747 (E.D. Tex. 2013)[6]. Under *Sgroe*, Plaintiff is precluded from bringing a breach of contract claim in the present action due to his default under the Note and Deed of Trust. Plaintiffs cannot deny that they are in default under the terms of the loan agreement.[7] Plaintiffs' claim that Defendants breached the Note or Deed of Trust is barred because Plaintiffs were in breach of the Note and Deed of Trust themselves by failing to make the required loan payments. In Texas, "a party to a contract who is himself in default cannot maintain a suit for its breach." *Gulf Pipe Line Co. v. Nearen*, 135 Tex. 50, 138 S.W.2d 1065, 1068 (Tex. 1940). Even if Plaintiffs could maintain a breach of contract claim, this claim would still fails given that Defendants complied with the contract as described below

16. <u>Notice of Default Properly Served.</u> Plaintiffs' Complaint does not dispute their default, instead Plaintiffs argue that Defendants failed to provide proper Notice of Default and therefore Defendants are liable for breach of the Deed of Trust. Plaintiffs are simply wrong. Notice of default was sent to Plaintiffs on January 15, 2015.[8] Pursuant to Texas Property Code §51.002(e), service of the notice of default under Tex. Prop. Code. 51.002 is complete when the notice is deposited in the United States mail. Delivery of the notice is not required, thus proper notice was given to Plaintiff when notice of default was deposited into the mail.[9] Plaintiffs have failed, since

---

[6] *See also Hall v. U.S. Bank, et al..,* No. 3:17-CV-2802; 2019 WL 1532220 (N.D. Tex. Feb. 26, 2019); *The Sequel Group v. Wilmington Savings Fund,* No. 3:16-cv-2056; 2018 WL 2321987 (N.D. Tex. Mar. 20, 2018).
[7] *See* Exhibit B.
[8] *See* Exhibit A and A-4.
[9] *See* Exhibit A and A-4.

January 15, 2015, to bring the loan current and the notice of default is effective. Absent a showing that the Note was reinstated by Plaintiffs after the notices of default,[10] Defendants were not required to serve new notice of default. *Thompson v. Chrysler First Bus. Credit Corp.,* 840 S.W.2d 25, 30-31 (Tex. App. - Dallas 1992, no writ); *Herrera v. Emmis Mortgage*, 1995 WL 65461 *4 (Tex. App. - San Antonio, Nov. 8, 1995); *Ogden v. Gibraltar Savings Association,* 640 S.W.2d 232 (Tex. 1982).

17. Defendants Effectively Accelerated the Loan. Effective acceleration requires two acts: (1) notice of intent to accelerate and (2) notice of acceleration. *Holy Cross Church of God in Christ*, 44 S.W.3d 562, 566 (Tex. 2001). "Both notices must be clear and unequivocal." *Id.* Pursuant to the Texas Property Code, notice is deemed sufficient when notice of default and acceleration are sent by certified mail to the borrowers. Service of a notice under Tex. Prop. Code § 51.002 by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. Tex. Prop. Code § 51.002(e).

18. As detailed above, notice of default was sent to Plaintiffs on January 15, 2015. Thereafter, Plaintiffs were sent notice of acceleration and notice of sale on September 29, 2017, February 1, 2018 and October 24, 2018.[11] Defendants, and/or their predecessors in interest, complied with the terms of the Note, Deed of Trust and Texas Property Code.

19. Plaintiff Has No Damages Stemming From Alleged Breach. Even if Plaintiffs were somehow able to establish that the notice of default and notice of acceleration were defective (they were not), Plaintiffs have not suffered damages as they have not been dispossessed of the Property and have not made payments on the Loan Agreement. Plaintiffs do not dispute that foreclosure

---

[10] *See* Exhibit A-3.
[11] *See* Exhibit A and A-5.

7

has not taken place, and therefore any damages are "speculative" and do not satisfy the damage element required for a breach of contract claim. Where foreclosure has not occurred, Plaintiffs' damages are at most a threat of damages as opposed to actual damages that would satisfy the damages element of a breach of claim contract. *See De La Mora v. CitiMortgage, Inc.*, No. 7:17-cv-468, 2015 WL 12803712, at *2 (S.D. Tex. Jan. 26, 2015) ("Plaintiff cannot show damages resulting from any such breach because no foreclosure sale has occurred."). When a party alleges that the a breach of a mortgage contract would result in an improper foreclosure, he or she cannot recover damages if no foreclosure has taken place. *See Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.).

20. When the defendant complied with the terms of the contract (as is the case herein) and the plaintiff cannot demonstrate any damages, a breach-of-contract claim cannot stand. *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 646 (N.D. Tex. 2014), *aff'd*, 783 F.3d 1022 (5th Cir. 2015) (citing *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no pet.)). Accordingly, Plaintiffs failed to allege a plausible breach of contract claim in this case.

**B.     Plaintiffs Are Not Entitled to Declaratory Relief.**

21. A request for a declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003); *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-171 (5th Cir. 1990). Here, Plaintiffs' request for declaratory relief is premised on the same allegations of breach of contract above and this Court should deny all declaratory relief. Plaintiffs' attempt to take their breach of contract claim and morph the same facts and claims

8

into two actions for declaratory judgment. As Plaintiffs' declaratory judgment actions are simply breach of contract claims, they must fail as a matter of law.

22. A declaratory judgment action is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law." *Capital One v. Swisher-35, Ltd.*, 2008 WL 4274499, at *2 (N.D. Tex. Sept. 17, 2008) (quoting *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990)). "In a declaratory judgment action, the controversy between the parties relates to the 'underlying cause of action of the defendant against the plaintiff.'" *Id*. Thus, the Declaratory Judgment Act can provide no relief to a plaintiff unless a justiciable controversy exists between the parties. *Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012) report and recommendation adopted, 2012 WL 629433 (E.D. Tex. Feb. 27, 2012), 517 Fed. Appx 228 (5th Cir. 2013) (per curiam) (unpublished). There is no justiciable controversy herein and thus Plaintiffs' claims for declaratory judgment must be dismissed with prejudice.

### (i) Plaintiffs are Not Entitled to Declaratory Judgment on Standing

23. Specifically, Plaintiffs allege that Defendants lack standing to foreclose based upon their alleged lack of notice of default and notice of acceleration, essentially arguing that Defendants breached the terms of the Note and Deed of Trust. As outlined in detail herein, the uncontroverted summary judgment evidence establishes that Plaintiffs were provided with the proper notices under the Deed of Trust, Texas Property Code and any other applicable law.

24. Plaintiffs confuse notice requirements as effective upon Defendants' standing to conduct the foreclosure sale. Standing to conduct the foreclosure is a separate issue from notices. As either the holder of the Note (Wilmington), the beneficiary of the Deed of Trust (Wilmington) or the mortgage servicer (Fay Servicing), Defendants have standing to conduct the foreclosure

under the Texas Property Code. It is undisputed that, "Under Texas law, a non-judicial foreclosure may be initiated by the current mortgagee including: 'the grantee, beneficiary, owner, or holder of a security agreement;' a book entry system;' or 'the last person to whom the security interest has been assigned of record." *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338, 342 (5th Cir. 2013)(quoting Tex. Prop. Code §51.0001(4)). Further, a party is entitled to enforce the Note if it is the holder of the wet ink Note, as indorsed in blank.[12] Even if Wilmington was not the holder of the Note (it is), Defendants are entitled to enforce the security instrument as beneficiary of the Deed of Trust as the "mortgagee" as defined in Tex. Prop. Code §51.0001(4). As "mortgagee," Wilmington or Fay Servicing clearly have the ability to administer a foreclosure sale.[13]

### (ii) **Plaintiffs are Not Entitled to Declaratory Judgment For "Procedural Defects"**

25. Allegations based upon defects in notice of foreclosure sale under Tex. Prop. Code §51.002(b) or (d) do not give rise to an independent action for declaratory relief under the Texas Property Code.[14]

26. Simply put, Wilmington is the party entitled to foreclosure.[15] The Plaintiffs' loan is in default and Plaintiffs have failed to cure that default.[16] Due to Plaintiffs' failure to pay according to the terms of the Note, Defendants properly sent notice of default, notice of acceleration and thereby accelerated the loan agreement and complied with the Deed of Trust, Texas Property Code

---

[12] Exhibit A and A-1.
[13] Prior to 2004, Tex. Prop. Code § 51.002 allowed only the "holder" of the debt to enforce a deed of trust through a non-judicial foreclosure sale. *See* TEX. PROP. CODE §51.002(b)(3), (d), and (e) (Vernon's 1993). Amendments to Chapter 51 were made in 2003, effective January 1, 2004, that demonstrated the legislatures' recognition of the distinction between a mortgagee's rights arising under the note and those arising under the deed of trust. These amendments added Sections 51.0001, 51.0021, 51.0025, 51.0075, and 51.009 to the Texas Property Code and changed Section 51.002. *See* Act of June 1, 2003, 78th Leg. Ch. 554 (effective January 1, 2004). Following the 2004 amendments, the term "holder" in Section 51.002(b)(3), (d), and (e) was replaced with the term "mortgage servicer." This change removed any requirement that an entity be the "holder" of the indebtedness in order for that entity to conduct a non-judicial foreclosure.
[14] Tex. Prop. Code § 51.002(d) does not provide a private right of action. *Ashton v. BAC Home Loan Servicing, L.P.,* 2013 WL 3807756 at *2 (S.D. Tex., July 19, 2013).
[15] *See* Exhibit A, Exhibit A-1 A-2, A-3, A-4 and A-5.
[16] *See* Exhibit A.

and the Texas Rules of Civil Procedure. Plaintiffs' claim for declaratory relief is without merit and must be dismissed.

27. Further, even if Defendants had somehow not complied with the necessary foreclosure requirements, Plaintiffs argument is moot because it is based solely on the December 4, 2018 foreclosure. There is no dispute that the foreclosure was stalled due to the filing of this suit and therefore any action based upon those notices is moot. Essentially, Plaintiffs are arguing that alleged defects in notices would have caused a wrongful foreclosure. However, A claim for wrongful foreclosure cannot succeed when no foreclosure has occurred. *Foster v. Deutsche Bank National Trust Company,* 848 F.3d 403, 406 (5th Cir. 2017). Here, Plaintiffs failed to allege that a foreclosure occurred. Therefore, they failed to assert a cause of action for wrongful foreclosure and their claim must be dismissed.

**C.     Plaintiffs Are Not Entitled to Injunctive Relief**

28. Plaintiffs also seek injunctive relief precluding Defendants from foreclosing on the Property. A request for injunctive relief, however, is not a cause of action itself, but is dependent on an underlying cause of action. See *Brown v. Ke-Ping Xie,* 260 S.W.3d 118, 122 (Tex. App. - Houston [1st Dist.] 2008, no pet.); *Smith v. Wells Fargo Bank, N.A.*, 2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014); *Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) (holding claim for injunctive relief failed because plaintiffs did not adequately plead any of their substantive legal claims); *Cheaton v. JPMorgan Chase Bank, N.A.*, No. H-11-1777, 2012 WL 298533, at *2 (S.D. Tex. Feb. 1, 2012) (dismissing petition requesting injunctive relief without other viable cause of action). Because they have not asserted any viable causes of action against Defendants, Plaintiffs are not entitled to any injunctive relief and such request should be denied.

**D.     Counterclaim for Foreclosure**

29.     Defendant Wilmington is entitled to a judgment for foreclosure of the Property. To establish its entitlement to foreclosure, the Bank is required to prove: (1) the existence of a deed of trust, (2) that the debtor was in default under the loan agreement secured by the deed of trust, (3) that an amount of the indebtedness was due and unpaid, and (4) that the property subject to the deed of trust lien was the same property upon which foreclosure was sought. *See Kyle v. Countrywide Home Loans*, Inc., 232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied); *McKeehan v. Wilmington Savings Fund Society, FSB*, 554 S.W. 3d 692 (Tex. App. - Houston [1st. Dist.]).

30.     The summary judgment evidence conclusively establishes that the Loan Agreement is a Deed of Trust secured by real property made subject of this suit[17], that Defendant Wilmington is the beneficiary of that Deed of Trust[18], Plaintiffs have failed to make payments due under the Note secured by the Deed of Trust[19], that the Plaintiffs were provided the proper notice to cure the default and failed to do so[20], and Plaintiffs are in breach of their loan obligations[21]. Therefore, Defendant Wilmington is entitled to judgment for foreclosure.

## VI.     CONCLUSION

WHEREFORE, Defendants Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 and Fay Servicing, LLC respectfully request that the Court grant their Motion for Summary Judgment and dismiss Plaintiffs Telea Stafford and Paul Stafford's claims with prejudice and grant Defendants request

---

[17] *See* Exhibit A, A-1 and A-2.
[18] *See* Exhibit A and A-3.
[19] *See* Exhibit A, A-1 and A-2.
[20] *See* Exhibit A and A-4.
[21] *See* Exhibit A, A-1, A-2, A-3, A-4 and A-5.

for foreclosure. Defendants further request that the Court grant them all such other and further relief, in law or in equity, to which they may be justly entitled.

        Respectfully submitted,

        **HOPKINS LAW, PLLC**

    By:  /s/ *Mark D. Hopkins*
        Mark D. Hopkins
        State Bar No. 00793975
        Shelley L. Hopkins
        State Bar No. 24036497
        3809 Juniper Trace, Suite 101
        Austin, Texas 78738
        (512) 600-4320
        mark@hopkinslawtexas.com
        shelley@hopkinslawtexas.com

        **BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

        Crystal G. Gibson
        State Bar No. 24027322
        4004 Belt Line Rd., Ste. 101
        Addison, Texas 75001
        (972) 340-7901
        (972) 341-0783 (Facsimile)
        CrystalR@bdfgroup.com

        **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 10th day of October 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Paul Stafford
12923 Epps Field Road
Farmers Branch, Texas 75234
pstaffordjd@gmail.com

Telea Stafford
12923 Epps Field Road
Farmers Branch, Texas 75234
pstaffordjd@gmail.com

   /s/ *Mark D. Hopkins*
   Mark D. Hopkins