# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PAUL STAFFORD and TELEA STAFFORD,** | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | **CIVIL ACTION NO. 3:18-cv-3274** |
| **WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 SERVICING and FAY SERVICING, LLC,** | § § § § § § § § | |
| *Defendants.* | § | |

## DECLARATION OF REPRESENTATIVE OF FAY SERVICING, LLC

1.   My name is Michael J. Paterno. I am over the age of twenty-one (21), have never been convicted of a felony or crime involving moral turpitude and am fully competent to provide this testimony. The facts stated in this declaration are within my personal knowledge and are true and correct.

2.   I am currently employed by Fay Servicing, LLC ("Fay Servicing") as a Trial and Mediation Specialist. Fay Servicing is the mortgage servicer of the Loan, defined below, secured by property located at 12923 Epps Field Road, Farmers Branch, Texas 75234 (the "Property") on behalf of Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 ("Wilmington"), the mortgagee of the Loan.

3.   In my referenced capacity, I am fully authorized to make this declaration for Fay Servicing in its capacity as the mortgage servicer for Wilmington.  I am the authorized agent or representative of Fay Servicing with respect to Plaintiffs' Loan. I have access to and reviewed the servicing records and data for Plaintiffs' account.  When Fay Servicing receives documents from other parties, such as previous mortgage servicers or mortgagees, those documents are placed in Fay Servicing's business records at or near the time they are received, and are adopted as business records of Fay Servicing. My testimony is based upon my knowledge of the business practices, record keeping systems and practices of Fay Servicing, the mortgage servicing industry and my review of Fay Servicing's business records.

*Declaration of Fay Servicing Representative*
H610-1853

4.     On November 30, 2007, Plaintiffs Paul Stafford and Telea Stafford ("Plaintiffs") executed a Note (the "Note"), in the amount of $810,561.00 payable to Bank of America, N.A. ("BANA"). A true and correct redacted copy of the Note is attached as **Exhibit A-1** hereto and is incorporated by reference,

5.     To secure payment of the Note, on November 30, 2007, Plaintiffs executed a Deed of Trust ("Deed of Trust"). The Deed of Trust was filed in the Official Public Records of Dallas County, Texas. A true and correct redacted copy of the Deed of Trust is attached as **Exhibit A-2** hereto and is incorporated by reference. The Note and Deed of Trust relating to the Property are referred to collectively as the "Loan."

6.     On November 7, 2017 (executed October 27, 2017) an Assignment from Bank of America, N.A. to Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 was filed in the Official Public Records of Dallas County, Texas. A true and correct copy of the Assignment is attached as **Exhibit A-3** hereto and is incorporated by reference.

7.     Defendant Wilmington is the holder of the Note and the beneficiary of the Deed of Trust.

8.     On January 15, 2015, Notices of Default and Intent to Accelerate were sent to Plaintiffs, true and correct copies are attached hereto as **Exhibit A-4** and incorporated herein by reference.

9.     On September 29, 2017, February 1, 2018, and again on October 24, 2018, Notices of Acceleration were sent to Plaintiffs by counsel for Wilmington. Also sent were three separate Notices of Substitute Trustee Sale. True and correct copies of the each Notice of Acceleration and Notices of Substitute Trustee Sale are attached hereto as **Exhibit A-5** and incorporated herein by reference.

10.     According to the Fay Servicing's records, the Loan is due for the April 1, 2015 payment and all subsequent payments. The total accelerated amount that is due to pay off the loan as of October 18, 2019 is $910,540.39. Interest continues to accrue at the per diem rate of $71.21. A true and correct copy of the payoff quote is attached hereto as **Exhibit A-6.**

11.     The exhibits attached hereto are records kept by Fay Servicing in the regular course of business and were made at or near the time of the acts, events, conditions and/or opinions recorded therein and by an employee or representative of Fay Servicing with knowledge of those matters and/or documents received from third parties that have been incorporated into and are now also part of the business records of Fay Servicing with respect to the Loan. It was the regular business practice of Fay Servicing for an employee or representative with knowledge of the acts, events, conditions and/or opinions recorded in these records to record or transmit the information (included) in these records and/or receive and incorporate them as business records related to the Loan. The exhibits attached hereto are the originals or exact duplicated of the originals, with the exception where portions of the Loan number and/or other sensitive personal identifying information have been redacted.

*Declaration of Fay Servicing Representative*
H610-1853

Page 2 of 3

12.   Pursuant to 28 U.S.C (S) 1746, I declare under penalty of perjury that the foreclosing is true and correct.

Executed on this, the 9th day of October, 2019.

Signature

Name   MICHAEL J. PATERNO

Title   Trial + Mediation Specialist

# EXHIBIT A-1

# NOTE

**November 30, 2007**

**Plano, Texas**

**12923  Epps Field Road**
**Farmers Branch, TX 75234**
[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$810,561.00** (this amount is called "Principal"), plus interest, to the order of the Lender.  The Lender is **Bank of America, N.A..**  I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder".

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid.  I will pay interest at a yearly rate of **7.250%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.   PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **First** day of each month beginning on **January 01, 2009.**  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.  Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal.  If, on **December 01, 2038,** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make my monthly payments at

**Bank of America, N.A.**
**P.O. Box 17404**
**Baltimore, MD 21297-1404**
or at a different place if required by the Note Holder.

### (B)    Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$5,529.46.**

## 4.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due.  A payment of Principal only is known as a "Prepayment".  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so.  I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge.  The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note.  However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note.  If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a)  any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b)  any sums already collected from me which exceeded permitted limits will be refunded to me.  The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me.  If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A)    Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest.  I will pay this late charge promptly but only once on each late payment.

### (B)    Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C)    Notice of Default

MULTISTATE FIXED RATE NOTE–Single Family–Fannie Mae/Freddie Mac UNIFORM
Loan No. 6614487111  (DoD) RA0210509 - nt3200.mls - Rev. 11/08/2007

610  870207306  N  001  001

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)   No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)   Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Loan No.: ▮▮▮▮▮▮

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Paul K. Stafford_ _____  (Seal)
**Paul K. Stafford**                                   -Borrower

_____  (Seal)
**Telea  Stafford**                                    -Borrower

[Sign Original Only]

PAY TO THE ORDER OF

WITHOUT RECOURSE
Bank of America, N.A.

BY _____
CHRISTINA M. SCHMITT
ASSISTANT VICE PRESIDENT

**MULTISTATE FIXED RATE NOTE--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                    **Form 3200  1/01**(Page 3 of 3 Pages)
Loan No. 6614487111  (DoD) RA0210509 - nt3200.mls - Rev. 11/08/2007

# CONSTRUCTION LOAN ADDENDUM TO NOTE

THIS CONSTRUCTION LOAN ADDENDUM ("Addendum") is made this **Thirtieth** day of **November, 2007** and is incorporated into and shall be deemed to amend and supplement the Note (the "Note") of the same date given by the undersigned (the "Borrower") to **Bank of America, N.A.** (the "Lender") in the amount of **$810,561.00** Dollars.

Terms defined in the Note shall have the same meaning in this Addendum.

In addition to the covenants and agreements made in the Note, Borrower and Lender agree as follows:

As a benefit to the Borrower, this Note is for a combined construction and permanent loan. This Note shall be entitled to the benefits of the terms and conditions of the Residential Construction Loan Agreement of even date herewith (the "Loan Agreement"), which Agreement provides for periodic advances of the principal amount of the Note for the purpose of constructing or renovating a residence on the real property securing the Note. Borrower acknowledges that during this construction phase, Borrower will have an Adjustable Interest Rate as defined below. Borrower also acknowledges there is a prepayment penalty associated with the loan during this phase.

A.     **INTEREST RATE DURING CONSTRUCTION LOAN PHASE.** The term "Construction Loan Phase" as used herein shall mean the time period beginning with the initial advance of loan proceeds whether at loan closing or later and ending on    **December 01, 2008**    (the "Rollover Date".) Notwithstanding the provisions of the Note Borrower shall make monthly payments of interest only, as billed by Lender. The interest on the sums disbursed and outstanding from time to time, during the Construction Loan Phase shall accrue at the rate of **7.068%** per annum.

During the Construction Loan Phase interest shall accrue and be calculated on a 365 day annual basis by computing a daily amount of interest for a 365 day year and multiplying that amount by the number of days in each interest calculation period.

All interest accrued during the Construction Loan Phase shall be due and payable in full on the Rollover Date.

B.     [ X ]  **CONSTRUCTION LOAN PHASE PREPAYMENT.** You have the right to make nonscheduled payments of principal at any time before they are due. This payment of principal is known as a "prepayment." A prepayment of the entire unpaid principal is known as a "full payment." Any amount prepaid that is less than the entire unpaid principal is known as a "partial prepayment." Any amount of the loan proceeds not disbursed as agreed is known as "underdisbursement." During the Construction Loan Phase and prior to the Rollover Date, you may prepay up to 40% of the original principal amount of the loan without a prepayment charge. If you prepay an amount in excess of 40%, you will be required to pay a fee equal to 2% of the original principal amount of the loan. In addition, if the total loan proceeds disbursed during the Construction Loan Phase is less than 60% of the original face amount of the Note, you will be required to pay a prepayment fee equal to 2% of the original face amount of the Loan. The 2% fee shall also be payable if by the combination of a partial prepayment and under disbursement of loan proceeds, the principal balance at Rollover Date is less than 60% of the original face amount of the Note. In addition, if the loan is not delivered to **Bank of America, N.A.** for servicing as a permanent loan, the 2% fee shall be due and payable.

C.     **WAIVERS BY BORROWER.** To the extent allowed by law and notwithstanding any other provision in the Note, the Security Instrument of even date and the Residential Construction Loan Agreement (the "Loan Documents") to the contrary, Borrower and any other person who has obligations under the Note, jointly and severally waive notice of default and presentment, notice of dishonor, and notice of intention to accelerate the maturity of the Note, and notice of acceleration of the Note; further, Borrower and all Guarantors, if any, agree to all extensions of time for payment under the Note, renewals of the Note including changing the terms thereof, acceptance by the Lender of partial payments on the Note, and releases of liability as to certain parties obligated under the Loan Documents, and partial or full releases of property securing said Note.

D.     **LENDER'S REMEDIES UPON DEFAULT.**

      1.     **Acceleration of Maturity of Note.** Upon any monetary or non-monetary default by Borrower of any provision of the Loan Documents, Lender may declare the unpaid principal of the Note and all accrued interest thereon immediately due and payable. Lender's right to accelerate the maturity of the Note as to any subsequent default shall not be impaired or waived by any election by Lender not to exercise it upon a default by Borrower.

      2.     **Right of Offset.** Upon any monetary default by Borrower, Lender shall have in addition to all other remedies the remedy of offset to the extent of monies owed to Borrower or Guarantors, if any, herein as against Lender's obligations to such Borrower or Guarantors.

E.     **PERMANENT PHASE INTEREST RATE.** Borrower's permanent phase interest rate effective on Rollover Date will be as stated or determined below:

Loan No.:

1. [ X ] Notwithstanding the rate of interest stated in Section 2 of the Note, (the "Face Rate"), if on the date 45 days prior to the Construction Completion Date the prevailing market rate of interest offered by Lender for 60-day lock-ins for the loan type with terms comparable to those contained in the Note (the "Market Rate") taking any and all previously paid fees and/or discount points into account, is less than the Face Rate, then the Note will be modified to the lower Market Rate. Any such change in the interest rate shall be evidenced by written modification agreement between Borrower and Lender and such agreement (if applicable) shall also reflect changes to other Note terms as required; or

2. [ N/A ] The Note rate shall be the Face Rate as stated and/or calculated therein.

**F.    OPTION TO MODIFY ADJUSTABLE RATE NOTE TO FIXED RATE TERMS DURING CONSTRUCTION LOAN PHASE.**

[N/A]   If checked, Borrower shall have the right to modify the Permanent Phase of the loan from one with an adjustable rate of interest as set forth in the Note to one with a fixed rate of interest equal to the interest rate Lender is offering for 60 day lock-ins for mortgage loans with comparable terms, 45 days prior to the Construction Completion Date taking into account any and all previously paid fees and/or discount points, provided such rate is equal to or less than the Face Rate, and provided the following conditions are adhered to:

1. Borrower must not be in default under the Note, the Security Instrument or the Residential Construction Loan Agreement.
2. Borrower pays a non-refundable $250.00 rollover modification option fee at closing.
3. The loan term for the Permanent Loan Phase must remain the same.
4. The improvements to the subject property must be completed by the original Construction Completion Date **November 30, 2008**. Should Lender elect to extend the construction completion date, this option to modify to a fixed rate loan shall not be available.
5. In the event there is no comparable rate for the loan discount paid at closing, when it is time to determine the fixed rate of interest for the Permanent Loan Phase of your Loan you will receive the next highest rate with a curtailment to the principal balance for the unused discount points paid, if any. You may not buy down the rate any further.

The Modification Agreement prepared for execution by Borrower and Lender will specify the new monthly payment amount of principal and interest necessary to amortize the loan to date of maturity. The new monthly payment will be first due on the first day of the second month after the date of modification.

**G.    LATE OR EARLY COMPLETION OF CONSTRUCTION.** The Construction Completion Date is **November 30, 2008**.

1. **Late Completion.** Failure to complete construction of the Residence as described in the Residential Construction Loan Agreement by the Construction Completion Date **November 30, 2008** shall constitute an event of default hereunder, under the Security Instrument and under the Loan Agreement. Provided, however, so long as there exists no other event of default and on a one time basis only, Lender in its sole discretion may elect to extend the Construction Completion Date and Rollover Date one or more periods of 30 days each up to a maximum of 120 days to facilitate the completion of construction. In the event Lender makes such election to extend, Borrower shall be required to pay Lender an extension fee equal to the lesser of $500.00 or one quarter of one percent (.25%) of the original principal amount of the Note. Should Lender elect to extend the Construction Completion Date and Rollover Date, Borrower may pay a fee for interest rate protection commensurate with the time of extension granted prior to the expiration of the original Construction Completion Date equal to .50% of the original loan amount for the first 30 days of extension and .125% of the original loan amount for each 30 day period (as applicable) thereafter, up to a maximum of 120 days. Borrower's election to pay for extended rate protection must be exercised prior to the original Construction Completion Date, but no earlier than 45 days prior thereto. If Borrower elects not to pay for such rate protection the rate at which interest will accrue on the Note subsequent to the new Rollover Date shall be equal to the greater of the Face Rate or the rate established by **Bank of America, N.A.** as its 60 day rate offered fifteen (15) calendar days prior to the new Construction Completion Date, for mortgage loans with terms comparable to those contained in the Note taking any and all previously paid fees and/or discount points into account. Any change in the interest rate or other Note terms shall be evidenced by written modification agreement executed by Borrower and Lender, and such agreement (if applicable for the subject loan type) shall also reflect all terms relating to future interest rate changes.

Any amount of principal not advanced prior to the Rollover Date (whether extended or not) may, in the sole discretion of Lender, be funded into escrow with the closing title company on such Rollover Date, and advances may be made out of such escrow after the Rollover Date in accordance with terms approved by Lender. Alternatively, any funds not advanced under the Residential Construction Loan Agreement upon completion of the construction of the Residence prior to the Rollover Date (whether extended or not) may at Lender's option, be credited against the stated principal amount of the Note on such Rollover Date. Any portion of a payment received in excess of interest due during the Construction Loan Phase shall be applied to principal. This may result in a penalty as described in Section B above.

2.     **Early Completion.**  In the event the construction of the Residence as described in the Loan Agreement is completed more than thirty-one (31) days prior to the Construction Completion Date, upon Borrower's fifteen (15) days prior written request, Lender may, in its sole discretion, permit an earlier rollover of the loan from Construction Loan Phase to Permanent Loan Phase.

If Lender so consents Lender shall designate the new Rollover Date and beginning date for permanent monthly payments of principal and interest.  The interest rate shall not change unless Section E.1. is designated, in which event the interest rate will be the lesser of (I) the prevailing Market Rate offered by Lender 15 days prior to the early Construction Completion Date, taking any and all previously paid fees and/or discount points paid into account or (ii) the Face Rate. Borrower shall be required to execute a modification agreement evidencing all required changes to the Note, including but not limited to changes in interest rate, first payment due date and amount of monthly principal and interest payment, as applicable.

**H.** **MODIFICATION DOCUMENTS.**  Should the occurrence of any matters or contingencies addressed herein cause any terms of the Note to change, or necessitate the submission of new disclosures by Lender to Borrower, Borrower agrees to execute all documents Lender deems necessary and appropriate to properly evidence such changes and to confirm receipt of additional disclosures.  Borrower's failure to execute such documents reflecting any such changes within the time frame specified by Lender shall constitute an event of default under the Note and Security Instrument.

Borrower will pay all fees to record the Modification Documents and any additional charges of the title insurance provider necessary to maintain lender title insurance coverage.

**I.** **NOTICE.**  Except as may be required by applicable law, Lender will not provide Borrower notice of interest rate changes during the Construction Loan Phase.

**J.** **TRANSFER OF PROPERTY.**  Any provision in the Note permitting the Borrower to transfer property that is security for the Note shall not be effective during the Construction Loan Phase.  Unless prohibited by applicable law, any transfer of the property securing the Note during the Construction Loan Phase shall constitute a default.

**K.** **LATE CHARGE INAPPLICABLE.**  The Late Charge for Overdue Payments provision in the Note shall not be applicable during the Construction Loan Phase.

**L.** **CONFLICTS.**  If any term or provision of this Addendum shall be in conflict with any term or provision of the Note, the term or provision of this Addendum shall control.

**M.** **TERMS.**  Except as amended or supplemented hereby, the terms and provisions of the Note shall remain unchanged and in full force and effect.

Except as to the interest rate provisions set forth in sections E., F., G., and H., as applicable, of this Addendum, and so long as no event of default exists hereunder or under any instrument further evidencing or securing this Note, after the advance of all funds as necessary to complete the construction of the Residence as described in the Residential Construction Loan Agreement or the Rollover Date, whichever is later, this Addendum will be null and void and no longer in effect.

Loan No.: ▮▮▮▮▮▮

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Construction Loan Addendum to Note.

_Paul K. Stafford_      _November 30, 2007_

Borrower: **Paul K. Stafford**      Date

_Telea Stafford_      _11/30/2007_

Borrower: **Telea Stafford**      Date

# EXHIBIT A-2

After Recording Mail To:
Bank of America, N.A.
ATTN: Construction
9000 Southside Blvd., Ste. 700
Jacksonville, FL 32256

We certify the foregoing instrument
is a true and correct copy of the original,
which has been properly executed.
Priority Title Company

By: _____

Prepared By:
Robertson & Anschutz
10333 Richmond Avenue, Suite 550
Houston, TX 77042

## DEED OF TRUST

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

Loan No. ▮▮▮▮▮▮

DEFINITIONS
Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated November 30, 2007, together with all Riders to this document.
(B) "Borrower" is Paul K. Stafford and Telea Stafford, husband and wife. Borrower is the grantor under this Security Instrument.
(C) "Lender" is Bank of America, N.A.. Lender is a National Association organized and existing under the laws of the United States of America. Lender's address is P.O. Box 9000, Getzville, NY 14068-9000. Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is PRLAP, Inc.. Trustee's address is 901 Main Street, Dallas, TX 75202.
(E) "Note" means the promissory note signed by Borrower and dated November 30, 2007. The Note states that Borrower owes Lender Eight Hundred Ten Thousand Five Hundred Sixty-One Dollars (U.S. $810,561.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than December 01, 2038.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[X] Construction Loan Rider          [X] Renewal and Extension Rider

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

TEXAS–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                          (Page 1 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) **"Escrow Items"** mean those items that are described in Section 3.

(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (I) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) **"Periodic Payment"** means the regularly scheduled amount due for (I) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (a) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (b) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the **County** of **Dallas**:

See Exhibit "A" attached hereto and made a part hereof for all purposes

which currently has the address of **12923 Epps Field Road, Farmers Branch, TX 75234** ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                          (Page 2 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees, and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01 (Page 3 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than twelve monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than twelve monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                                    (Page 4 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                                    (Page 5 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

TEXAS--Single Family--Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**
Form 3044 1/01                                        (Page 6 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has – if any – with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security

TEXAS–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01 (Page 7 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                                     (Page 8 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                                                                (Page 9 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                                                          (Page 10 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. For the purposes of this Section 22, the term "Lender" includes any holder of the Note who is entitled to receive payments under the Note.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law. Lender shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law. Sale shall be made at public vendue. The sale must begin at the time stated in the notice of sale or not later than three hours after that time and between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee; Trustee Liability.** All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

25. **Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

26. **Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

27. **Purchase Money; Owelty of Partition; Renewal and Extension of Liens Against Homestead Property; Acknowledgment of Cash Advanced Against Non-Homestead Property. Check box as applicable:**
[ ] Purchase Money.
The funds advanced to Borrower under the Note were used to pay all or part of the purchase price of the Property. The Note also is primarily secured by the vendor's lien retained in the deed of even date with this Security Instrument conveying the Property to Borrower, which vendor's lien has been assigned to Lender, this Security Instrument being additional security for such vendor's lien.

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                    (Page 11 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

[ ]    **Owelty of Partition.**
        The Note represents funds advanced by Lender at the special instance and request of Borrower for the purpose of acquiring the entire fee simple title to the Property and the existence of an owelty of partition imposed against the entirety of the Property by a court order or by a written agreement of the parties to the partition to secure the payment of the Note is expressly acknowledged, confessed and granted.

[ X ]    **Renewal and Extension of Liens Against Homestead Property.**
        The Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference. Lender is expressly subrogated to all rights, liens and remedies securing the original holder of a note evidencing Borrower's indebtedness and the original liens securing the indebtedness are renewed and extended to the date of maturity of the Note in renewal and extension of the indebtedness.

[ ]    **Acknowledgement of Cash Advanced Against Non-Homestead Property.**
        The Note represents funds advanced to Borrower on this day at Borrower's request and Borrower acknowledges receipt of such funds. Borrower states that Borrower does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Security Instrument as a business or residential homestead. Borrower disclaims all homestead rights, interests and exemptions related to the Property.

        **28. Loan Not a Home Equity Loan.** The Loan evidenced by the Note is not an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution. If the Property is used as Borrower's residence, then Borrower agrees that Borrower will receive no cash from the Loan evidenced by the Note and that any advances not necessary to purchase the Property, extinguish an owelty lien, complete construction, or renew and extend a prior lien against the Property, will be used to reduce the balance evidenced by the Note or such Loan will be modified to evidence the correct Loan balance, at Lender's option. Borrower agrees to execute any documentation necessary to comply with this Section 28.

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                                  (Page 12 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
Paul K. Stafford                                                   -Borrower

_____ (Seal)
Telea Stafford                                                    -Borrower

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044 1/01                                    (Page 13 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

STATE OF TEXAS, _Denton_ _____ County

This instrument was acknowledged before me on _Nov 30, 2007_ , by **Paul K. Stafford and Telea Stafford.**

_____
Notary Public

_____
Printed Name
My Commission Expires:

**TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
Form 3044  1/01                                    (Page 14 of 14 pages)
(DoD) RA0210509 - si3000.tx - Rev. 04/02/2007

Loan No.: ▮▮▮▮▮▮▮

# EXHIBIT "A"

Lot 1, in Block A, of Valley View/Stafford, an addition to the City of Farmers Branch, Dallas County, Texas, according to the Map or Plat thereof recorded in Clerk's File No. 20070315299 Plat Records, Dallas County, Texas

(R&A) RA0210509 - exhibitA.ra - 12/30/2004

Loan No.: ▉▉▉▉▉▉

## CONSTRUCTION LOAN RIDER TO SECURITY INSTRUMENT

THIS CONSTRUCTION LOAN RIDER TO SECURITY INSTRUMENT (this "Rider") is made this **Thirtieth** day of **November, 2007**, and amends the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to **Bank of America, N.A.** (the "Lender") of the same date and covering the property described in the Security Instrument (the "Property") and located at: **12923 Epps Field Road, Farmers Branch, TX 75234.**

### ADDITIONAL COVENANTS

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

Terms defined in the Note shall have the same meaning in this Rider to the Security Instrument.

**A.     INCORPORATION OF RESIDENTIAL CONSTRUCTION LOAN AGREEMENT**
Lender and Borrower entered into a Residential Construction Loan Agreement (the "Agreement") of even date herewith.  The Agreement is incorporated herein by reference.  A default under the terms of the Agreement shall constitute a default under the terms of the Security Instrument.

**B.     CONSTRUCTION MORTGAGE**
The Security Instrument is a "Construction Mortgage" under Sections 9.105 and 9.313 of the Texas Business and Commerce Code, securing the obligation for the cost of construction of certain improvements on the Property.  The Security Instrument is a "Construction Mortgage" under the Uniform Commercial Code as adopted and applied in the state where the Property is situated.  It is understood and agreed that funds to be advanced under the Note are to be used in the construction of certain improvements on the Property in accordance with the Agreement.

**C.     MECHANIC'S LIEN CONTRACT**
The Note represents a full or partial renewal, extension, and rearrangement of the balance(s) now owing on the following:

That certain Mechanic's Lien Contract (with Transfer of Lien) of this same date executed by and between Borrower and Contractor, **Weekley Homes, LP** in the original sum of **$573,222.00** and which Mechanic's Lien Contract has been transferred to Lender by Transfer of Lien of even date herewith; and

For purposes of this Construction Loan Rider to Security Instrument (i) the term "Mechanic's Lien Contract" shall mean one or more of the above referenced Mechanic's Lien Contracts, unless the context dictates otherwise, (ii) the term "Contractor" shall mean one or more of the above referenced Contractors, unless the context dictates otherwise.

**D.     FUTURE ADVANCES**
The Security Instrument is given to secure future obligations under the Note.  The face amount of obligations evidenced by the Note and secured hereunder is     **$810,561.00**     and the maximum amount, including present as well as future advances evidenced by the Note, which Lender shall be obligated to advance, shall not exceed the face amount of the Note; provided however, the said maximum amount may be increased by such additional amounts as may be advanced, by Lender pursuant to the Security Instrument and all such additional amounts shall be deemed necessary expenditures for the protection of the security in accordance with and to the extent allowed by applicable law.

**E.     WAIVER OF CERTAIN NOTICES DURING CONSTRUCTION**
Notwithstanding the 30 day written notice and right to cure provisions contained in Section 22 of the Security Instrument, prior to the Rollover Date (or agreed written extension thereof), the Borrower, as well as all sureties, guarantors and endorsers of said Note severally waive all notices, demands, presentments for payment,

Loan No.: ▮▮▮▮▮▮

notices of non-payment, notices of intention to accelerate the maturity, notices of acceleration, notices of dishonor, protest and notice of protest, diligence in collecting or bringing suit as to the Note and as to each, every and all installments thereof and all obligations thereunder and against any party thereto and to the application of any payment on said obligation, or as an offset thereto, and agree to all extensions, renewals, partial payments, substitutions or evidence of indebtedness and the taking, release or substitution of all or any part of the herein described security or the release of any party liable thereon with or without notice before or after maturity.

**F.    ACKNOWLEDGMENT OF VENDOR'S LIEN**
        If any portion of the indebtedness secured by this Security Instrument represents funds advanced by Lender to be used in payment of a portion of the purchase price of the above described Property, then to the extent said indebtedness is applied to the purchase price, same shall be additionally secured by a vendor lien and superior title and it is expressly agreed that the lien of this Security Instrument shall be cumulative of and without prejudice to such vendor's lien and superior title and that foreclosure hereunder will operate to foreclose such vendor's lien.

**G.    ACKNOWLEDGMENT OF MECHANIC'S LIEN**
        Borrower hereby acknowledges that the aforesaid Mechanic's Lien Contract and all liens created thereby constitute valid and subsisting liens on the property described therein and hereinabove described, and that none of the rights and liens existing thereunder shall be impaired or released hereby, and the same as supplemented hereby shall remain in full force and effect, and that all rights and liens existing and to exist thereunder are renewed, extended, and carried forward and are not extinguished hereby, to secure all of the indebtedness hereinabove mentioned.

**H.    SECURITY AGREEMENT**
        Without limiting any of the provisions of the Security Instrument, Borrower, as Debtor (and being referred to in this paragraph as "Debtor," whether one or more), expressly GRANTS unto Lender, as Secured Party (and being referred to in this paragraph as "Secured Party," whether one or more), a security interest in the following described property (including both those now and those hereafter existing). The definition of Property is hereby expanded to include:

        (1) All fixtures, furnishings, equipment, building material and machinery now or hereafter located in, on, or used or intended to be used in connection with the Property, including without limitation: doors, partitions; window and floor coverings; apparatus, material, or equipment for supplying, holding, or distributing heating, cooling, electricity, gas, water, air, and lighting; security, access control, and fire prevention and extinguishing apparatus, material, or equipment; bathroom and kitchen fixtures; cabinetry; and landscaping. (2) All proceeds or sums payable in lieu of or as compensation for the loss of or damage to the Property and the fixtures and personal property, and all rights in and to all present and future fire and hazard insurance-policies. (3) All proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking, in whole or in part, of the Property, or for conveyance in lieu thereof.

**I.    DEFAULT**
        Covenants contained in Section Nos. 18, 19, and 22 of the Security Instrument are hereby suspended during the continuance of this Rider only, and the following substituted in lieu thereof:

        In the event any of the following events or conditions occur or exist, each such event or condition shall be a default hereunder entitling Lender to declare the entire indebtedness hereby secured immediately due and payable:

        (1)     Any lien, inferior or superior to the lien of this Security Instrument, is created, permitted or filed against the Property, or any portion thereof, without Lender's prior written consent, except current ad valorem taxes which are not then due and payable.
        (2)     The sale, assignment or other transfer, voluntarily or involuntarily, of all or a part of Borrower's ownership interest in the Property, or any portion thereof, directly or indirectly, is made without Lender's prior written consent.

Loan No.: ▮▮▮▮▮▮▮

(3)   ·   Borrower fails to comply with the terms and conditions of the Note, the Security Instrument or the Agreement.

Upon default, Lender, at its option, may require immediate payment in full of all sums secured by the Security Instrument without demand and may invoke the power of sale and any other remedies permitted by applicable law. However, this option to require immediate payment in full shall not be exercised if such exercise is prohibited by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in the Security Instrument including, but not limited to, reasonable attorney's fees and costs of title evidence.

Upon the termination of the provisions of this Rider as set forth below, Covenants contained in Section Nos. 18, 19, and 22 of the Security Instrument shall be reinstated so that they shall then be in full force and effect.

**J.       TERMINATION OF CONSTRUCTION LOAN RIDER**
Except for the provisions of Section C., F. and G., respectively of this Construction Loan Rider pertaining to the Vendor's Lien, if applicable, and the renewal and extension of the liens and rights contained in the Mechanic's Lien Contract, so long as Borrower is not in default under the terms of the Note, the Agreement, the Mechanic's Lien Contract, or the Security Instrument, and so long as Borrower has completed the improvements described in the Agreement, this Rider shall terminate on the Rollover Date as defined in the Construction Loan Addendum to Note, and shall thereafter no longer be in effect.

Debtor's Mailing Address:
**2236 Southern Circle**
**Carrollton, TX 75006**

Loan No.: ■■■■■■

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Construction Loan Rider to Security Instrument and Security Agreement.

_Paul K. Stafford_ _____ (Seal)
Paul K. Stafford                                    -Borrower

_Telea Stafford_ _____ (Seal)
Telea Stafford                                      -Borrower

(R&A) RA0210509 - rdconstsiTX-0.bax - Rev. 04/19/2006          Page 4

Bank of America, N.A.                                          Loan No.: ████

## RIDER TO THE DEED OF TRUST
## RENEWAL AND EXTENSION EXHIBIT

The $810,561.00 Note secured hereby is given in renewal and extension of amounts left owing and unpaid upon the following indebtedness(es):

Deed of Trust
Dated: November 30, 2006
Original Principal Amount: $208,000.00
Grantors: Paul K. Stafford and wife, Telea Stafford
Lender/Secured Party: Bank of America, N.A.
Recorded: Clerk's File No. 200600445901
of the Official Real Property Records of Dallas County, Texas

Deed of Trust
Dated: November 30, 2006
Original Principal Amount: $39,000.00
Grantors: Paul K. Stafford and wife, Telea Stafford
Lender/Secured Party: Bank of America, N.A.
Recorded: Clerk's File No. 200600445902
of the Official Real Property Records of Dallas County, Texas

Builder's and Mechanic's Lien Contract
Dated: November 30, 2007
Original Principal Amount: $573,222.00
Contractor: Weekley Homes, LP
Recorded in the Official Real Property Records of Dallas County, Texas

The liens described above are expressly acknowledged by each grantor herein as valid and subsisting liens against the property described herein (without regard to any assignment of said liens contemporaneously with or subsequent to their creation). It is expressly agreed that said liens are hereby renewed, extended, and carried forward in full force and effect to secure the payment of the Note secured hereby and that the Lender is subrogated to all the rights, powers, and equities of the original owners and holders of the prior indebtedness(es) (whether such current holder shall assign and transfer its respective liens to the holder hereof or shall release its respective liens upon satisfaction of the indebtedness owing to such holder).

The sums advanced under the Note secured hereby may include, in addition to funds advanced to payoff the referenced lien(s), one or both of the following items: (1) Purchase monies for the purchase of the Property secured hereby; (2) Reasonable and necessary closing costs incurred in the instant transaction. Grantors, by their execution hereof, acknowledge that all closing costs advanced by the Lender under said Note, if any, are necessary for the preservation of the Property secured hereby as Grantor's homestead. Further, Grantors acknowledge that if any portion of the funds advanced cannot be lawfully secured by the Property, payments made under the Note will be applied first to the repayment of such funds not lawfully secured by the Property.

Bank of America, N.A.                                                    Loan No.: ████

   BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Renewal and Extension Rider.

Grantors

_____ (Seal)
Paul K. Stafford                                            -Borrower

_____ (Seal)
Telea  Stafford                                             -Borrower

(DoD) RA0210509 - rdr_re.ra - Rev. 11/02/2007                  Page 2

# EXHIBIT A-3



201700314368

AL 1/1

11/07/2017 11:15:07 AM

## Assignment of Deed of Trust

PREPARED BY AND RETURN TO:

C. R. Hall

2860 Exchange Blvd. # 100

Southlake TX 76092                                          Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, BANK OF AMERICA, N.A., 1800 Tapo Canyon Rd, Simi Valley CA 93063 (Assignor) by these presents does assign, and set over, without recourse, to WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 , c/o MFResidential Assets I, LLC, 350 Park Avenue, 20th Floor, New York NY 10022 (Assignee) the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by PAUL K. STAFFORD AND TELEA STAFFORD. HUSBAND AND WIFE to BANK OF AMERICA, N.A.. Trustee: PRLAP, INC. Said deed of trust Dated: 11/30/2007 is recorded in the State of TX, County of Dallas on 12/4/2007, as File 20070431480 AMOUNT: $ 810,561.00 LOT 1, IN BLOCK A, OF VALLEY VIEW/STAFFORD, AN ADDITION TO THE CITY OF FARMERS BRANCH, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CLERK'S FILE NO. 20070315299 PLAT RECORDS, DALLAS COUNTY, TEXAS Parcel# Property Address: 12923 EPPS FIELD ROAD, FARMERS BRANCH, TX, 75234

IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed by its proper signatory.

Executed on: October 27, 2017

BANK OF AMERICA, N.A. By Orion Financial Group, Inc. Its Attorney in Fact

By: _____

    Connie M. Riggsby, Vice President

State of TX, County of Tarrant

STAFFORD    YNS *17119592*

On 10/27/2017, before me, the undersigned, personally appeared Connie M. Riggsby, who acknowledged that he/she is Vice President of/for By Orion Financial Group, Inc. Its Attorney in Fact BANK OF AMERICA, N.A.  and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of BANK OF AMERICA, N.A. . GIVEN UNDER MY HAND AND SEAL OF OFFICE this 10/27/2017.



JANELL JUNKIN
Notary Public, State of Texas
My Commission Expires
August 19, 2019

Notary public, Janell Junkin
My Commission Expires: August 19, 2019

Filed and Recorded
Official Public Records
John F Warren, County Clerk
Dallas County, TEXAS
11/07/2017 11:15:07 AM
$26 00



201700314368

TX   Dallas

870207306
MFA/BOA2017-5/SFR

# EXHIBIT A-4

**Home Loans**

PO Box 9048
Temecula, CA 92589-9048



9314 7100 1170 0788 7767 04

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Return Receipt Requested

*Send Payments to:*
PO Box 650070
Dallas, TX 75265-0070

*Send Correspondence to:*
PO Box 5170
Simi Valley, CA 93062-5170

20150115-213

ԲլիլԱյԱիլԱլելԲլԱլԱլԲԲՄԱ

PAUL K STAFFORD & TELEA J STAFFORD
3990 VITRUVIAN WAY APT 449
ADDISON, TX 75001-4473





**Bank of America**

**Home Loans**

Notice Date: January 15, 2015

Sent Certified Mail:
9314 7100 1170 0788 7767 04
Return Receipt Requested

PAUL K STAFFORD & TELEA J STAFFORD
3990 VITRUVIAN WAY APT 449
ADDISON, TX 75001-4473

Account No. ████████6
Property Address:
12923 EPPS FIELD RD
FARMERS BRANCH, TX 75234

Date of Note or Contract: November 30, 2007
Original Amount of Note or Contract: $682,577.00

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

**Este es un aviso importante respecto a su derecho de ocupar su casa. Favor de traducirlo de inmediato. (This is an important notice concerning your right to live in your home. Have it translated at once.)**

Dear PAUL K STAFFORD & TELEA J STAFFORD:

Bank of America, N.A. services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to cure this default, in other words, the amount required to bring the loan current, as of the date of this letter is as follows:

Monthly Charges:

| Month Due | Principal & Interest Amount | Escrow Amount | Optional Insurance Amount | Total Monthly Charge |
|---|---|---|---|---|
| 12/01/2014 | $2,907.00 | $1,796.90 | $0.00 | $4,703.90 |
| 01/01/2015 | $2,907.00 | $1,796.90 | $0.00 | $4,703.90 |

Late Charges:

| Month | Amount | | | |
|---|---|---|---|---|
| 12/01/2014 | $145.35 | | | |

| | | | | |
|---|---|---|---|---|
| Total Monthly Charges: | | | $9,407.80 | |
| Current Late Charges: | | | $145.35 | |
| Prior Unpaid Late Charges: | | | $145.35 | |
| Total Other Charges/Fees: | | | $0.00 | |
| Partial Payment Balance: | | | ($0.00) | |
| | **TOTAL DUE** | | **$9,698.50** | |

You have the right to cure the default. To cure the default, on or before February 24, 2015, Bank of America, N.A. must receive the amount of $9,698.50 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before February 24, 2015. **Please contact the Home Loan Team at 1-800-669-1904 to verify the amount necessary to cure the default and bring your loan current.**

The default will <u>not</u> be considered cured unless Bank of America, N.A. receives "good funds" in the full amount as set forth in the previous paragraph on or before February 24, 2015. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. Bank of America, N.A. reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.



If the default is not cured on or before February 24, 2015, the mortgage payments **will be accelerated** with the full

amount of the loan remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default will result in the foreclosure and sale of your property.

If required by law or your loan documents, you may have the right to cure the default and reinstate the loan after the acceleration of the mortgage payments and before the foreclosure sale of your property if all amounts due or past due are paid within the time permitted by law. However, Bank of America, N.A. and the Noteholder shall be entitled to collect all fees and costs incurred by Bank of America, N.A. and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to bring a court action if you believe you are not in default. In such a court action, you may exercise any other defense or legal right to which you may be entitled to avoid acceleration of your loan and foreclosure.

According to your loan documents, Bank of America, N.A. may, enter upon and conduct an inspection of your property because your loan is in default. The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied, and/or (iii) determine the identity of the occupant. If you do not cure the default before the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. **The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument and as permitted by law.**

If you are unable to cure the default on or before February 24, 2015, Bank of America, N.A. wants you to be aware of various options that may be available to you through Bank of America, N.A. to prevent a foreclosure sale of your property. For example:

- **Full Payoff:** You can payoff your loan in full by selling your property for any amount equal to or exceeding the total amount owed on your loan, or you may refinance your loan.

- **Repayment Plan:** You may be eligible for a repayment plan that allows you to make your regularly scheduled mortgage payments, plus pay off a portion of the past due amounts over time.

- **Loan Modification:** A loan modification is a change to the original terms of your loan. Loan modifications could include lowering your interest rate, extending the term or maturity date of the loan, moving from an adjustable to a fixed-rate loan, deferring some portion of the unpaid principal balance to the end of the loan, and/or forgiving some portion of the unpaid principal balance. This foreclosure alternative is limited to certain loan types.

- **Short Sale:** If you can no longer afford to make your mortgage payments and your home is worth less than you owe, a short sale may allow you to sell your home to pay off the mortgage. In a short sale, the lender agrees to accept an amount less than what is actually owed on the loan.

- **Deed in Lieu of Foreclosure:** Used as an alternative to foreclosure, with a deed in lieu of foreclosure, you transfer ownership of your house and all property secured by your mortgage loan. This may satisfy the total amount due on that mortgage.

If you are interested in discussing any of these foreclosure alternatives with Bank of America, N.A., you must contact us immediately. If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, please be advised that your decision to pursue any of these options is strictly voluntary. If you request assistance, Bank of America, N.A. will need to evaluate whether that assistance can be extended to you. In the meantime, Bank of America, N.A. will pursue all of its rights and remedies under the loan documents and as permitted by law, unless it agrees otherwise in writing. Failure to bring your loan current or to enter into a written agreement by February 24, 2015 as outlined above will result in the acceleration of your debt.

Additionally, the U.S. Department of Housing and Urban Development (HUD) funds free or very low cost housing counseling across the nation. Housing counselors can help you understand the law and your options. They can also help you to organize your finances and represent you in negotiations with your lender if you need this assistance. You may find a HUD-approved housing counselor near you by calling 1-800-569-4287. For the hearing impaired, HUD Counseling Agency (TDD) numbers are available at 1-800-877-8339.

If your loan is currently being evaluated for a loan modification, forbearance or other loan assistance solution, this notice will not cancel or delay that evaluation process. However, it is important that you promptly respond to all requests made in connection with your evaluation for a loan assistance solution, including all requests for you to contact us and any documentation required. Please comply with these requests in a timely manner so your request for assistance can be considered as quickly as possible. If your loan is not eligible for a loan assistance program, please note this letter will continue to serve as notice of our right to initiate foreclosure.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the**

**National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

Time is of the essence. Should you have any questions concerning this notice, please contact us immediately at 1-800-669-1904. Our office hours are Monday through Thursday 7am to 10pm CST, Friday 7am to 8pm CST, Saturday 8am to 2pm CST.

Bank of America, N.A.
Home Loan Team

## To contact us

| | |
|---|---|
| **Phone** | 1-800-669-1904<br>Office Hours Monday through Thursday 7am to 10pm CST, Friday 7am to 8pm CST, Saturday 8am to 2pm CST |
| **Mail** | PO Box 5170<br>Simi Valley, CA 93062-5170 |
| **To mail a payment** | PO Box 650070<br>Dallas, TX 75265-0070 |



## IMPORTANT DISCLOSURES

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

Bank of America, N.A., the servicer of your home loan, is required by law to inform you that this communication is from a debt collector.

There has been a payment default or other default on your loan that will result in acceleration of all sums due under the Note. As a result, Bank of America, N.A. will use companies, including its affiliates LandSafe Default, Inc., LandSafe Services, LLC., LandSafe Title of California, Inc., LandSafe Title of Washington, Inc., LandSafe Title of Florida, Inc., LandSafe Services of Alabama, Inc., LandSafe Title of Texas, Inc., ReconTrust Company, N.A., and LandSafe Appraisal Services, Inc., to provide services required to protect the Noteholder's interest and rights in the property and under the note and security instrument, including any remedies thereunder (the "Default Related Services"). Bank of America, N.A. will assess fees to your loan account for the Default Related Services, including those provided by its affiliates. A schedule of fees that may be charged to your account for Default Related Services is available at the following web address: http://www.bankofamerica.com/defaultfees. If you do not have internet access, please contact us at 1-800-669-6607, Monday through Thursday 8 a.m. - 11 p.m. Eastern, Friday 8 a.m. - 9 p.m. Eastern, Saturday 9 a.m. - 3 p.m. Eastern, to have a fee schedule mailed to you. The fee schedule contains a complete list of the default-related services you could be charged, but does not include a complete list of all fees or charges that could be assessed on your loan account.

**MILITARY PERSONNEL/SERVICEMEMBERS:** If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact our Military Assistance Team toll free at 1-877-430-5434. If you are calling from outside the U.S. please contact us at 1-817-685-6491.



## DIVULGACIONES IMPORTANTES

Si usted se encuentra actualmente en un procedimiento de quiebra, o ha obtenido previamente una exoneración de esta deuda bajo la ley aplicable sobre quiebra, este no es un intento de recaudación, una demanda de pago o un intento de imponer una responsabilidad personal por esa deuda. Usted no está obligado(a) a hablar de su préstamo para vivienda con nosotros ni a participar en un programa de modificación de préstamos u otro programa de asistencia para préstamos. Usted debe consultar con su abogado especializado en quiebras u otro asesor acerca de sus opciones y derechos legales.

Bank of America, N.A., el administrador de su préstamo para vivienda está obligado por ley a informarle a usted que esta comunicación proviene de un cobrador de deudas.

Ha ocurrido un incumplimiento de pago u otro tipo de incumplimiento con su préstamo que podrá resultar en la aceleración de todas las cantidades adeudadas bajo el Pagaré. Como resultado, Bank of America, N.A. utilizará compañías, incluyendo sus afiliados LandSafe Default, Inc., LandSafe Services, LLC., LandSafe Title of California, Inc., LandSafe Title of Washington, Inc., LandSafe Title of Florida, Inc., LandSafe Services of Alabama, Inc., LandSafe Title of Texas, Inc., ReconTrust Company, NA, y Landsafe Appraisal Services, Inc., para proporcionar servicios necesarios para proteger los intereses del Titular en la propiedad y sus derechos bajo el instrumento de seguridad y el pagaré, incluyendo cualquiera de sus recursos (los "Servicios relacionados a un incumplimiento"). Bank of America, N.A. aplicará cargos a la cuenta de su préstamo por los servicios relacionados a un incumplimiento, incluyendo los servicios proporcionados por sus afiliados. Una lista de los cargos que podrían cobrarse a su cuenta por servicios relacionados a un incumplimiento está disponible en el sitio de Internet: [http://www.bankofamerica.com/defaultfees]. Si usted no tiene acceso a internet, por favor comuníquese con nosotros al 1-800-669-6607 de lunes a jueves de 8 a. m. a 11 p. m. hora del este, viernes de 8 a. m. a 9 p. m. hora del este, sábados de 9 a. m. a 3 p. m. hora del este. para pedir que se le envíe una lista de cargos por correo. La lista de cargos contiene una lista completa de los servicios relacionados por incumplimiento que le podían cobrar, pero no incluye una lista completa de todos los costos y cargos que podrían ser aplicados a la cuenta de su préstamo.

**PERSONAL MILITAR/ MIEMBROS DE LAS FUERZAS ARMADAS:** Si usted o su cónyuge es un miembro del servicio militar, por favor comuníquese con nosotros inmediatamente. La Ley federal de Ayuda Civil para Miembros de las Fuerzas Armadas y las leyes estatales comparables otorgan protecciones y beneficios significativos al personal del servicio militar que califique, incluídas protecciones contra la ejecución hipotecaria así como también ayuda en la tasa de interés. Para obtener más información y determinar su calificación por favor llame sin costo a nuestro Equipo de Asistencia para el Servicio Militar al 1-877-430-5434. Si usted llama desde fuera de los Estados Unidos por favor comuníquese con nosotros al 1-817-685-6491.

# Avoid Foreclosure

## Call the number on the enclosed notice to learn more.

**When you call, please have your income and expense information available
so we can discuss which option(s) could work for you.**

### Options to consider if your goal is to stay in your home

| Program | Description |
| --- | --- |
| **Home Affordable Modification Program (HAMP)** | A federal government program that allows you to repay the loan on newly agreed upon terms, which may include lowering the interest rate, placing past due amounts at the end of the loan, and/or extending the term of the loan. You may be eligible for this program if you meet the following requirements:<br>• The amount you owe on the first mortgage is equal to or less than $729,750 for a single-family home, $934,200 for a 2 unit property, $1,129,250 for a 3 unit property or $1,403,400 for a 4 unit property<br>• You have documented a financial hardship and represented that you do not have sufficient liquid assets to make the monthly mortgage payments.<br>• Your mortgage was obtained before Jan. 1, 2009.<br>• The property securing the mortgage loan has not been condemned or is not in such poor physical condition that it is not habitable even if not condemned<br>• The mortgage is secured by a one to four unit property |
| **Loan Reinstatement** | If you can bring your loan payments up to date, we will accept the funds needed to bring the loan up to date until the day of your foreclosure sale. |
| **Repayment Plan** | A repayment plan allows you to make your regularly scheduled mortgage payments, plus pay off a portion of the past due amounts over time. This may include principal, interest, fees, and/or costs assessed to your loan. |
| **Temporary Forbearance Agreement** | An agreement whereby we agree not to proceed with foreclosure and/or collection of payments for a period of time, to allow you to re-establish your ability to make the required payments. |
| **Loan Modification (non-HAMP)** | A loan modification is a change to the original terms of your loan. Loan modifications could include lowering your interest rate, extending the term or maturity date of the loan, moving from an adjustable to a fixed-rate loan, deferring some portion of the unpaid principal balance to the end of the loan, and/or forgiving some portion of the unpaid principal balance. |
| **Partial Claim (FHA loans only)** | If you have a Federal Housing Administration (FHA) loan and your payments are past due but you are now able to make your regular monthly mortgage payment, this program is designed to bring your loan up to date by creating a second mortgage/lien on your property for the amount that is past due. |

### Options to consider if you cannot or do not wish to stay in your home

| Program | Description |
| --- | --- |
| **Home Affordable Foreclosure Alternatives Program (HAFA)** | Designed to help borrowers who are eligible for the Home Affordable Modification Program (HAMP) but were unsuccessful in securing a permanent modification through the program. HAFA provides the option of a short sale and, if unsuccessful, a deed in lieu of foreclosure. A short sale is a transaction in which you sell your property for less than the total amount owed on the loan (subject to agreement by your servicer/lender/investor), resulting in the release of our lien on your home and avoidance of foreclosure. A deed in lieu of foreclosure is a transaction in which you agree to voluntarily transfer ownership of your property to us in order to avoid foreclosure. |
| **Short Sale/ Pre-foreclosure Sale (non-HAFA)** | If you can no longer afford to make your mortgage payments and your home is worth less than you owe, a short sale may allow you to sell your home to pay off the mortgage. In a short sale, the lender agrees to accept an amount less than what is actually owed on the loan. Offered to borrowers who are not eligible for HAMP or other home retention alternatives. |
| **Deed in Lieu of Foreclosure (non-HAFA)** | Used as an alternative to foreclosure, with a deed in lieu of foreclosure, you transfer ownership of your house and all property secured by your mortgage loan. This may satisfy the total amount due on that mortgage. Offered to borrowers not eligible for HAMP or other home retention alternatives, and who were not able to sell the property through a short sale. |

## We are here to help you. Please call us today.



Hay opciones disponibles para ayudarle a

# Evitar la Ejecución Hipotecaria

## Llame al número que aparece en la notificación adjunta para obtener más información

Cuando llame, por favor tenga a la mano la información de sus ingresos y gastos para que podamos discutir cuáles opciones podrían funcionar para usted.

**Opciones a considerar si su objetivo es permanecer en su casa**

| Programa | Descripción |
|---|---|
| **Home Affordable Modification Program (HAMP)** | Es un programa del gobierno federal que le permite pagar el préstamo bajo los nuevos términos acordados, que pueden incluir la reducción de la tasa de interés, agregar cantidades vencidas al final del préstamo, y/o extender el plazo del préstamo. Usted puede calificar para este programa si cumple con los siguientes requisitos:<br>• La cantidad que usted adeuda de su primera hipoteca es igual o menor que $729,750 dólares para una vivienda unifamiliar, $934,200 dólares para una propiedad de 2 unidades, $1,129,250 dólares para una propiedad de 3 unidades o $1,403,400 para una propiedad de 4 unidades<br>• Usted ha documentado que atraviesa por una dificultad financiera y declarado que no tiene suficiente liquidez para hacer los pagos mensuales de la hipoteca.<br>• Obtuvo su hipoteca antes del 1 de enero de 2009.<br>• La propiedad que garantiza el préstamo hipotecario no ha sido condenada o no está en malas condiciones físicas como para no poder habitarse incluso si no está condenada.<br>• La hipoteca está garantizada por una propiedad de una a cuatro unidades. |
| **Restablecimiento del Préstamo** | Si usted puede poner al día los pagos de su préstamo, aceptaremos los fondos necesarios para que el préstamo esté al día hasta la fecha de la venta por ejecución hipotecaria. |
| **Plan de Pago** | Un plan de pago le permite a usted hacer sus pagos hipotecarios regulares, además de pagar una porción de los montos vencidos a través del tiempo. Esto puede incluir capital, interés, cargos o costos aplicados a su préstamo. |
| **Acuerdo Temporal de Tolerancia por incumplimiento** | Es un acuerdo en el cual aceptamos no proceder con la ejecución hipotecaria y/o el cobro de los pagos por un periodo de tiempo, para permitirle que restablezca su habilidad de hacer los pagos requeridos. |
| **Modificación de Préstamo (no por medio de HAMP)** | Una modificación del préstamo es un cambio en los términos originales de su préstamo, Las modificaciones podrían incluir reducir su tasa de interés, extender el término o la fecha de pago del préstamo, cambiar de un préstamo de tasa de interés ajustable a uno de tasa de interés fija, diferir una parte del saldo del capital impagado al final del préstamo, y/o condonar una parte del saldo de capital impagado. |
| **Reclamo Parcial (solamente préstamos de la FHA)** | Si usted tiene un préstamo de la Administración Federal de Vivienda (FHA) y sus pagos están vencidos, pero ahora puede hacer sus pagos regulares mensuales de la hipoteca, este programa está diseñado para que su préstamo este al día mediante la creación de una segunda hipoteca / gravamen sobre su propiedad por el monto que está vencido. |

## Opciones a considerar si no puede o no desea quedarse en su casa

| Programa | Descripción |
|---|---|
| **Home Affordable Foreclosure Alternatives Program (HAFA)** | Diseñado para ayudar a los prestatarios que califican para el Programa de Home Affordable Modification (HAMP), pero no consiguieron obtener una modificación permanente a través del programa. HAFA ofrece la posibilidad de una venta en descubierto y, si no tiene éxito, una escritura de traspaso voluntario de propiedad en lugar de la ejecución hipotecaria. Una venta en descubierto es una transacción en la que usted vende su propiedad por menos de la cantidad adeudada en el préstamo (sujeto a previo acuerdo de su administrador / prestamista / inversionista), resultando en la liberación de nuestro derecho de retención sobre su propiedad y evitar la ejecución hipotecaria. Una escritura de traspaso voluntario de propiedad en lugar de la ejecución hipotecaria es una transacción en la que usted está de acuerdo de transferir voluntariamente las escrituras de su propiedad a nosotros con el fin de evitar la ejecución hipotecaria. |
| **Venta en descubierto / Venta previa a la ejecución hipotecaria (no por medio de HAFA)** | Si usted ya no puede hacer sus pagos hipotecarios y su vivienda vale menos de lo que usted adeuda, una venta en descubierto le podría permitir vender su vivienda para pagar la hipoteca. En una venta en descubierto, el prestamista acepta recibir una monto menor de lo que actualmente se adeuda en el préstamo. Se ofrece a los prestatarios que no califican para HAMP o para otras alternativas de retención de la vivienda. |
| **Escritura de traspaso de propiedad en lugar de la ejecución hipotecaria (no por medio de HAFA)** | Se usa como una alternativa de la ejecución hipotecaria. Con una escritura de traspaso voluntario de propiedad en lugar de la ejecución hipotecaria, usted transfiere la titularidad de su vivienda y toda la propiedad que garantiza su préstamo hipotecario. Esto puede hacer que el monto total vencido de esa hipoteca se considere como pagado. Se ofrece a prestatarios que no califican para HAMP u otras opciones de retención de vivienda, y que no pudieron vender la propiedad a través de una venta en descubierto. |

# Estamos aquí para ayudarle. Por favor llámenos hoy.





**Bank of America**

**Home Loans**

PO Box 9048
Temecula, CA 92589-9048

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

9314 7100 1170 0788 7767 28

Return Receipt Requested

*Send Payments to:*
PO Box 650070
Dallas, TX 75265-0070

*Send Correspondence to:*
PO Box 5170
Simi Valley, CA 93062-5170

20150115-213

PAUL K STAFFORD & TELEA J STAFFORD
12923 EPPS FIELD RD
FARMERS BRANCH, TX 75234-6211



BREACHTX{CM}


**Bank of America**
**Home Loans**

Notice Date: January 15, 2015

Sent Certified Mail:
9314 7100 1170 0788 7767 28
Return Receipt Requested

PAUL K STAFFORD & TELEA J STAFFORD
12923 EPPS FIELD RD
FARMERS BRANCH, TX 75234-6211

Account No.: ▮▮▮▮▮▮
Property Address:
12923 EPPS FIELD RD
FARMERS BRANCH, TX 75234

Date of Note or Contract: November 30, 2007
Original Amount of Note or Contract: $682,577.00

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

**Este es un aviso importante respecto a su derecho de ocupar su casa. Favor de traducirlo de inmediato. (This is an important notice concerning your right to live in your home. Have it translated at once.)**

Dear PAUL K STAFFORD & TELEA J STAFFORD;

Bank of America, N.A. services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to cure this default, in other words, the amount required to bring the loan current, as of the date of this letter is as follows:

Monthly Charges:

| Month Due | Principal & Interest Amount | Escrow Amount | Optional Insurance Amount | Total Monthly Charge |
|---|---|---|---|---|
| 12/01/2014 | $2,907.00 | $1,796.90 | $0.00 | $4,703.90 |
| 01/01/2015 | $2,907.00 | $1,796.90 | $0.00 | $4,703.90 |

Late Charges:

| Month | Amount |
|---|---|
| 12/01/2014 | $145.35 |

| | |
|---|---|
| Total Monthly Charges: | $9,407.80 |
| Current Late Charges: | $145.35 |
| Prior Unpaid Late Charges: | $145.35 |
| Total Other Charges/Fees: | $0.00 |
| Partial Payment Balance: | ($0.00) |
| **TOTAL DUE** | **$9,698.50** |

You have the right to cure the default. To cure the default, on or before February 24, 2015, Bank of America, N.A. must receive the amount of $9,698.50 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before February 24, 2015. **Please contact the Home Loan Team at 1-800-669-1904 to verify the amount necessary to cure the default and bring your loan current.**

The default will <u>not</u> be considered cured unless Bank of America, N.A. receives "good funds" in the full amount as set forth in the previous paragraph on or before February 24, 2015. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. Bank of America, N.A. reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.



If the default is not cured on or before February 24, 2015, the mortgage payments **will be accelerated** with the full

amount of the loan remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default will result in the foreclosure and sale of your property.

If required by law or your loan documents, you may have the right to cure the default and reinstate the loan after the acceleration of the mortgage payments and before the foreclosure sale of your property if all amounts due or past due are paid within the time permitted by law. However, Bank of America, N.A. and the Noteholder shall be entitled to collect all fees and costs incurred by Bank of America, N.A. and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to bring a court action if you believe you are not in default. In such a court action, you may exercise any other defense or legal right to which you may be entitled to avoid acceleration of your loan and foreclosure.

According to your loan documents, Bank of America, N.A. may, enter upon and conduct an inspection of your property because your loan is in default. The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied, and/or (iii) determine the identity of the occupant. If you do not cure the default before the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. **The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument and as permitted by law.**

If you are unable to cure the default on or before February 24, 2015, Bank of America, N.A. wants you to be aware of various options that may be available to you through Bank of America, N.A. to prevent a foreclosure sale of your property. For example:

- **Full Payoff:** You can payoff your loan in full by selling your property for any amount equal to or exceeding the total amount owed on your loan, or you may refinance your loan.

- **Repayment Plan:** You may be eligible for a repayment plan that allows you to make your regularly scheduled mortgage payments, plus pay off a portion of the past due amounts over time.

- **Loan Modification:** A loan modification is a change to the original terms of your loan. Loan modifications could include lowering your interest rate, extending the term or maturity date of the loan, moving from an adjustable to a fixed-rate loan, deferring some portion of the unpaid principal balance to the end of the loan, and/or forgiving some portion of the unpaid principal balance. This foreclosure alternative is limited to certain loan types.

- **Short Sale:** If you can no longer afford to make your mortgage payments and your home is worth less than you owe, a short sale may allow you to sell your home to pay off the mortgage. In a short sale, the lender agrees to accept an amount less than what is actually owed on the loan.

- **Deed in Lieu of Foreclosure:** Used as an alternative to foreclosure, with a deed in lieu of foreclosure, you transfer ownership of your house and all property secured by your mortgage loan. This may satisfy the total amount due on that mortgage.

If you are interested in discussing any of these foreclosure alternatives with Bank of America, N.A., you must contact us immediately. If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, please be advised that your decision to pursue any of these options is strictly voluntary. If you request assistance, Bank of America, N.A. will need to evaluate whether that assistance can be extended to you. In the meantime, Bank of America, N.A. will pursue all of its rights and remedies under the loan documents and as permitted by law, unless it agrees otherwise in writing. Failure to bring your loan current or to enter into a written agreement by February 24, 2015 as outlined above will result in the acceleration of your debt.

Additionally, the U.S. Department of Housing and Urban Development (HUD) funds free or very low cost housing counseling across the nation. Housing counselors can help you understand the law and your options. They can also help you to organize your finances and represent you in negotiations with your lender if you need this assistance. You may find a HUD-approved housing counselor near you by calling 1-800-569-4287. For the hearing impaired, HUD Counseling Agency (TDD) numbers are available at 1-800-877-8339.

If your loan is currently being evaluated for a loan modification, forbearance or other loan assistance solution, this notice will not cancel or delay that evaluation process. However, it is important that you promptly respond to all requests made in connection with your evaluation for a loan assistance solution, including all requests for you to contact us and any documentation required. Please comply with these requests in a timely manner so your request for assistance can be considered as quickly as possible. If your loan is not eligible for a loan assistance program, please note this letter will continue to serve as notice of our right to initiate foreclosure.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the**

**National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

Time is of the essence. Should you have any questions concerning this notice, please contact us immediately at 1-800-669-1904. Our office hours are Monday through Thursday 7am to 10pm CST, Friday 7am to 8pm CST, Saturday 8am to 2pm CST.

Bank of America, N.A.
Home Loan Team

## To contact us

| | |
|---|---|
| **Phone** | 1-800-669-1904<br>Office Hours Monday through Thursday 7am to 10pm CST, Friday 7am to 8pm CST, Saturday 8am to 2pm CST |
| **Mail** | PO Box 5170<br>Simi Valley, CA 93062-5170 |
| **To mail a payment** | PO Box 650070<br>Dallas, TX 75265-0070 |



C3_3222_BRECDISC 15353 09/24/12

## IMPORTANT DISCLOSURES

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

Bank of America, N.A., the servicer of your home loan, is required by law to inform you that this communication is from a debt collector.

There has been a payment default or other default on your loan that will result in acceleration of all sums due under the Note. As a result, Bank of America, N.A. will use companies, including its affiliates LandSafe Default, Inc., LandSafe Services, LLC., LandSafe Title of California, Inc., LandSafe Title of Washington, Inc., LandSafe Title of Florida, Inc., LandSafe Services of Alabama, Inc., LandSafe Title of Texas, Inc., ReconTrust Company, N.A., and LandSafe Appraisal Services, Inc., to provide services required to protect the Noteholder's interest and rights in the property and under the note and security instrument, including any remedies thereunder (the "Default Related Services"). Bank of America, N.A. will assess fees to your loan account for the Default Related Services, including those provided by its affiliates. A schedule of fees that may be charged to your account for Default Related Services is available at the following web address: http://www.bankofamerica.com/defaultfees. If you do not have internet access, please contact us at 1-800-669-6607, Monday through Thursday 8 a.m. - 11 p.m. Eastern, Friday 8 a.m. - 9 p.m. Eastern, Saturday 9 a.m. - 3 p.m. Eastern, to have a fee schedule mailed to you. The fee schedule contains a complete list of the default-related services you could be charged, but does not include a complete list of all fees or charges that could be assessed on your loan account.

**MILITARY PERSONNEL/SERVICEMEMBERS:** If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact our Military Assistance Team toll free at 1-877-430-5434. If you are calling from outside the U.S. please contact us at 1-817-685-6491.



## DIVULGACIONES IMPORTANTES

Si usted se encuentra actualmente en un procedimiento de quiebra, o ha obtenido previamente una exoneración de esta deuda bajo la ley aplicable sobre quiebra, este no es un intento de recaudación, una demanda de pago o un intento de imponer una responsabilidad personal por esa deuda. Usted no está obligado(a) a hablar de su préstamo para vivienda con nosotros ni a participar en un programa de modificación de préstamos u otro programa de asistencia para préstamos. Usted debe consultar con su abogado especializado en quiebras u otro asesor acerca de sus opciones y derechos legales.

Bank of America, N.A., el administrador de su préstamo para vivienda está obligado por ley a informarle a usted que esta comunicación proviene de un cobrador de deudas.

Ha ocurrido un incumplimiento de pago u otro tipo de incumplimiento con su préstamo que podrá resultar en la aceleración de todas las cantidades adeudadas bajo el Pagaré. Como resultado, Bank of America, N.A. utilizará compañías, incluyendo sus afiliados LandSafe Default, Inc., LandSafe Services, LLC., LandSafe Title of California, Inc., LandSafe Title of Washington, Inc., LandSafe Title of Florida, Inc., LandSafe Services of Alabama, Inc., LandSafe Title of Texas, Inc., ReconTrust Company, NA, y Landsafe Appraisal Services, Inc., para proporcionar servicios necesarios para proteger los intereses del Titular en la propiedad y sus derechos bajo el instrumento de seguridad y el pagaré, incluyendo cualquiera de sus recursos (los "Servicios relacionados a un incumplimiento"). Bank of America, N.A. aplicará cargos a la cuenta de su préstamo por los servicios relacionados a un incumplimiento, incluyendo los servicios proporcionados por sus afiliados. Una lista de los cargos que podrían cobrarse a su cuenta por servicios relacionados a un incumplimiento está disponible en el sitio de Internet: [http://www.bankofamerica.com/defaultfees]. Si usted no tiene acceso a internet, por favor comuníquese con nosotros al 1-800-669-6607 de lunes a jueves de 8 a. m. a 11 p. m. hora del este, viernes de 8 a. m. a 9 p. m. hora del este, sábados de 9 a. m. a 3 p. m. hora del este. para pedir que se le envíe una lista de cargos por correo. La lista de cargos contiene una lista completa de los servicios relacionados por incumplimiento que le podían cobrar, pero no incluye una lista completa de todos los costos y cargos que podrían ser aplicados a la cuenta de su préstamo.

**PERSONAL MILITAR/ MIEMBROS DE LAS FUERZAS ARMADAS:** Si usted o su cónyuge es un miembro del servicio militar, por favor comuníquese con nosotros inmediatamente. La Ley federal de Ayuda Civil para Miembros de las Fuerzas Armadas y las leyes estatales comparables otorgan protecciones y beneficios significativos al personal del servicio militar que califique, incluidas protecciones contra la ejecución hipotecaria así como también ayuda en la tasa de interés. Para obtener más información y determinar su calificación por favor llame sin costo a nuestro Equipo de Asistencia para el Servicio Militar al 1-877-430-5434. Si usted llama desde fuera de los Estados Unidos por favor comuníquese con nosotros al 1-817-685-6491.

# Avoid Foreclosure

## Call the number on the enclosed notice to learn more.

**When you call, please have your income and expense information available
so we can discuss which option(s) could work for you.**

### Options to consider if your goal is to stay in your home

| Program | Description |
|---|---|
| **Home Affordable Modification Program (HAMP)** | A federal government program that allows you to repay the loan on newly agreed upon terms, which may include lowering the interest rate, placing past due amounts at the end of the loan, and/or extending the term of the loan. You may be eligible for this program if you meet the following requirements: <br>• The amount you owe on the first mortgage is equal to or less than $729,750 for a single-family home, $934,200 for a 2 unit property, $1,129,250 for a 3 unit property or $1,403,400 for a 4 unit property <br>• You have documented a financial hardship and represented that you do not have sufficient liquid assets to make the monthly mortgage payments. <br>• Your mortgage was obtained before Jan. 1, 2009. <br>• The property securing the mortgage loan has not been condemned or is not in such poor physical condition that it is not habitable even if not condemned <br>• The mortgage is secured by a one to four unit property |
| **Loan Reinstatement** | If you can bring your loan payments up to date, we will accept the funds needed to bring the loan up to date until the day of your foreclosure sale. |
| **Repayment Plan** | A repayment plan allows you to make your regularly scheduled mortgage payments, plus pay off a portion of the past due amounts over time. This may include principal, interest, fees, and/or costs assessed to your loan. |
| **Temporary Forbearance Agreement** | An agreement whereby we agree not to proceed with foreclosure and/or collection of payments for a period of time, to allow you to re-establish your ability to make the required payments. |
| **Loan Modification (non-HAMP)** | A loan modification is a change to the original terms of your loan. Loan modifications could include lowering your interest rate, extending the term or maturity date of the loan, moving from an adjustable to a fixed-rate loan, deferring some portion of the unpaid principal balance to the end of the loan, and/or forgiving some portion of the unpaid principal balance. |
| **Partial Claim (FHA loans only)** | If you have a Federal Housing Administration (FHA) loan and your payments are past due but you are now able to make your regular monthly mortgage payment, this program is designed to bring your loan up to date by creating a second mortgage/lien on your property for the amount that is past due. |

### Options to consider if you cannot or do not wish to stay in your home

| Program | Description |
|---|---|
| **Home Affordable Foreclosure Alternatives Program (HAFA)** | Designed to help borrowers who are eligible for the Home Affordable Modification Program (HAMP) but were unsuccessful in securing a permanent modification through the program. HAFA provides the option of a short sale and, if unsuccessful, a deed in lieu of foreclosure. A short sale is a transaction in which you sell your property for less than the total amount owed on the loan (subject to agreement by your servicer/lender/investor), resulting in the release of our lien on your home and avoidance of foreclosure. A deed in lieu of foreclosure is a transaction in which you agree to voluntarily transfer ownership of your property to us in order to avoid foreclosure. |
| **Short Sale/ Pre-foreclosure Sale (non-HAFA)** | If you can no longer afford to make your mortgage payments and your home is worth less than you owe, a short sale may allow you to sell your home to pay off the mortgage. In a short sale, the lender agrees to accept an amount less than what is actually owed on the loan. Offered to borrowers who are not eligible for HAMP or other home retention alternatives. |
| **Deed in Lieu of Foreclosure (non-HAFA)** | Used as an alternative to foreclosure, with a deed in lieu of foreclosure, you transfer ownership of your house and all property secured by your mortgage loan. This may satisfy the total amount due on that mortgage. Offered to borrowers not eligible for HAMP or other home retention alternatives, and who were not able to sell the property through a short sale. |



## We are here to help you. Please call us today.

C3_5088 OPTAVDFC 15319 09/24/2012

Hay opciones disponibles para ayudarle a

# Evitar la Ejecución Hipotecaria

## Llame al número que aparece en la notificación adjunta para obtener más información

Cuando llame, por favor tenga a la mano la información de sus ingresos y gastos para que podamos discutir cuáles opciones podrían funcionar para usted.

### Opciones a considerar si su objetivo es permanecer en su casa

| Programa | Descripción |
|---|---|
| **Home Affordable Modification Program (HAMP)** | Es un programa del gobierno federal que le permite pagar el préstamo bajo los nuevos términos acordados, que pueden incluir la reducción de la tasa de interés, agregar cantidades vencidas al final del préstamo, y/o extender el plazo del préstamo. Usted puede calificar para este programa si cumple con los siguientes requisitos:<br>• La cantidad que usted adeuda de su primera hipoteca es igual o menor que $729,750 dólares para una vivienda unifamiliar, $934,200 dólares para una propiedad de 2 unidades, $1,129,250 dólares para una propiedad de 3 unidades o $1,403,400 para una propiedad de 4 unidades<br>• Usted ha documentado que atraviesa por una dificultad financiera y declarado que no tiene suficiente liquidez para hacer los pagos mensuales de la hipoteca.<br>• Obtuvo su hipoteca antes del 1 de enero de 2009.<br>• La propiedad que garantiza el préstamo hipotecario no ha sido condenada o no está en malas condiciones físicas como para no poder habitarse incluso si no está condenada.<br>• La hipoteca está garantizada por una propiedad de una a cuatro unidades. |
| **Restablecimiento del Préstamo** | Si usted puede poner al día los pagos de su préstamo, aceptaremos los fondos necesarios para que el préstamo esté al día hasta la fecha de la venta por ejecución hipotecaria. |
| **Plan de Pago** | Un plan de pago le permite a usted hacer sus pagos hipotecarios regulares, además de pagar una porción de los montos vencidos a través del tiempo. Esto puede incluir capital, interés, cargos o costos aplicados a su préstamo. |
| **Acuerdo Temporal de Tolerancia por incumplimiento** | Es un acuerdo en el cual aceptamos no proceder con la ejecución hipotecaria y/o el cobro de los pagos por un periodo de tiempo, para permitirle que restablezca su habilidad de hacer los pagos requeridos. |
| **Modificación de Préstamo (no por medio de HAMP)** | Una modificación del préstamo es un cambio en los términos originales de su préstamo, Las modificaciones podrían incluir reducir su tasa de interés, extender el término o la fecha de pago del préstamo, cambiar de un préstamo de tasa de interés ajustable a uno de tasa de interés fija, diferir una parte del saldo del capital impagado al final del préstamo, y/o condonar una parte del saldo de capital impagado. |
| **Reclamo Parcial (solamente préstamos de la FHA)** | Si usted tiene un préstamo de la Administración Federal de Vivienda (FHA) y sus pagos están vencidos, pero ahora puede hacer sus pagos regulares mensuales de la hipoteca, este programa está diseñado para que su préstamo este al día mediante la creación de una segunda hipoteca / gravamen sobre su propiedad por el monto que está vencido. |

9314 7100 1170 0788 7767 25

## Opciones a considerar si no puede o no desea quedarse en su casa

| Programa | Descripción |
|---|---|
| **Home Affordable Foreclosure Alternatives Program (HAFA)** | Diseñado para ayudar a los prestatarios que califican para el Programa de Home Affordable Modification (HAMP), pero no consiguieron obtener una modificación permanente a través del programa. HAFA ofrece la posibilidad de una venta en descubierto y, si no tiene éxito, una escritura de traspaso voluntario de propiedad en lugar de la ejecución hipotecaria. Una venta en descubierto es una transacción en la que usted vende su propiedad por menos de la cantidad adeudada en el préstamo (sujeto a previo acuerdo de su administrador / prestamista / inversionista), resultando en la liberación de nuestro derecho de retención sobre su propiedad y evitar la ejecución hipotecaria. Una escritura de traspaso voluntario de propiedad en lugar de la ejecución hipotecaria es una transacción en la que usted está de acuerdo de transferir voluntariamente las escrituras de su propiedad a nosotros con el fin de evitar la ejecución hipotecaria. |
| **Venta en descubierto / Venta previa a la ejecución hipotecaria (no por medio de HAFA)** | Si usted ya no puede hacer sus pagos hipotecarios y su vivienda vale menos de lo que usted adeuda, una venta en descubierto le podría permitir vender su vivienda para pagar la hipoteca. En una venta en descubierto, el prestamista acepta recibir una monto menor de lo que actualmente se adeuda en el préstamo. Se ofrece a los prestatarios que no califican para HAMP o para otras alternativas de retención de la vivienda. |
| **Escritura de traspaso de propiedad en lugar de la ejecución hipotecaria (no por medio de HAFA)** | Se usa como una alternativa de la ejecución hipotecaria. Con una escritura de traspaso voluntario de propiedad en lugar de la ejecución hipotecaria, usted transfiere la titularidad de su vivienda y toda la propiedad que garantiza su préstamo hipotecario. Esto puede hacer que el monto total vencido de esa hipoteca se considere como pagado. Se ofrece a prestatarios que no califican para HAMP u otras opciones de retención de vivienda, y que no pudieron vender la propiedad a través de una venta en descubierto. |

## Estamos aquí para ayudarle. Por favor llámenos hoy.





**Bank of America**

**Home Loans**

PO Box 9046
Temecula, CA 92589-9046

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

2293279564

**Send Payments to:**
PO Box 650070
Dallas, TX 75265-0070

**Send Correspondence to:**
PO Box 5170
Simi Valley, CA 93062-5170

20150115-213

PAUL K STAFFORD & TELEA J STAFFORD
3990 VITRUVIAN WAY APT 449
ADDISON, TX 75001-4473



BREACHTX{FC}



**Bank of America**

**Home Loans**

PO Box 9048
Temecula, CA 92589-9048

2293279567

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

**Send Payments to:**
PO Box 650070
Dallas, TX 75265-0070

**Send Correspondence to:**
PO Box 5170
Simi Valley, CA 93062-5170

20150115-213

PAUL K STAFFORD & TELEA J STAFFORD
12923 EPPS FIELD RD
FARMERS BRANCH, TX 75234-6211




**Bank of America**
**Home Loans**

Notice Date: January 15, 2015

PAUL K STAFFORD & TELEA J STAFFORD
12923 EPPS FIELD RD
FARMERS BRANCH, TX 75234-6211

Account No.:▮▮▮▮▮▮▮
Property Address:
12923 EPPS FIELD RD
FARMERS BRANCH, TX 75234

Date of Note or Contract: November 30, 2007
Original Amount of Note or Contract: $682,577.00

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

**Este es un aviso importante respecto a su derecho de ocupar su casa. Favor de traducirlo de inmediato.
(This is an important notice concerning your right to live in your home. Have it translated at once.)**

Dear PAUL K STAFFORD & TELEA J STAFFORD:

Bank of America, N.A. services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to cure this default, in other words, the amount required to bring the loan current, as of the date of this letter is as follows:

Monthly Charges:

| Month Due | Principal & Interest Amount | Escrow Amount | Optional Insurance Amount | Total Monthly Charge |
|---|---|---|---|---|
| 12/01/2014 | $2,907.00 | $1,796.90 | $0.00 | $4,703.90 |
| 01/01/2015 | $2,907.00 | $1,796.90 | $0.00 | $4,703.90 |

Late Charges:

| Month | Amount | | | |
|---|---|---|---|---|
| 12/01/2014 | $145.35 | | | |

| | | |
|---|---|---|
| Total Monthly Charges: | | $9,407.80 |
| Current Late Charges: | | $145.35 |
| Prior Unpaid Late Charges: | | $145.35 |
| Total Other Charges/Fees: | | $0.00 |
| Partial Payment Balance: | | ($0.00) |
| **TOTAL DUE** | | **$9,698.50** |

You have the right to cure the default. To cure the default, on or before February 24, 2015, Bank of America, N.A. must receive the amount of $9,698.50 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before February 24, 2015. **Please contact the Home Loan Team at 1-800-669-1904 to verify the amount necessary to cure the default and bring your loan current.**

The default will <u>not</u> be considered cured unless Bank of America, N.A. receives "good funds" in the full amount as set forth in the previous paragraph on or before February 24, 2015. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. Bank of America, N.A. reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.


If the default is not cured on or before February 24, 2015, the mortgage payments **will be accelerated** with the full amount of the loan remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default will result in the foreclosure and sale of your property.

If required by law or your loan documents, you may have the right to cure the default and reinstate the loan after the acceleration of the mortgage payments and before the foreclosure sale of your property if all amounts due or past due are paid within the time permitted by law.  However, Bank of America, N.A. and the Noteholder shall be entitled to collect all fees and costs incurred by Bank of America, N.A. and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to bring a court action if you believe you are not in default.  In such a court action, you may exercise any other defense or legal right to which you may be entitled to avoid acceleration of your loan and foreclosure.

According to your loan documents, Bank of America, N.A. may, enter upon and conduct an inspection of your property because your loan is in default.  The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied, and/or (iii) determine the identity of the occupant.  If you do not cure the default before the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. **The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument and as permitted by law.**

If you are unable to cure the default on or before February 24, 2015, Bank of America, N.A. wants you to be aware of various options that may be available to you through Bank of America, N.A. to prevent a foreclosure sale of your property.  For example:

- **Full Payoff:** You can payoff your loan in full by selling your property for any amount equal to or exceeding the total amount owed on your loan, or you may refinance your loan.

- **Repayment Plan:** You may be eligible for a repayment plan that allows you to make your regularly scheduled mortgage payments, plus pay off a portion of the past due amounts over time.

- **Loan Modification:** A loan modification is a change to the original terms of your loan. Loan modifications could include lowering your interest rate, extending the term or maturity date of the loan, moving from an adjustable to a fixed-rate loan, deferring some portion of the unpaid principal balance to the end of the loan, and/or forgiving some portion of the unpaid principal balance. This foreclosure alternative is limited to certain loan types.

- **Short Sale:** If you can no longer afford to make your mortgage payments and your home is worth less than you owe, a short sale may allow you to sell your home to pay off the mortgage. In a short sale, the lender agrees to accept an amount less than what is actually owed on the loan.

- **Deed in Lieu of Foreclosure:** Used as an alternative to foreclosure, with a deed in lieu of foreclosure, you transfer ownership of your house and all property secured by your mortgage loan. This may satisfy the total amount due on that mortgage.

If you are interested in discussing any of these foreclosure alternatives with Bank of America, N.A., you must contact us immediately. If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, please be advised that your decision to pursue any of these options is strictly voluntary. If you request assistance, Bank of America, N.A. will need to evaluate whether that assistance can be extended to you. In the meantime, Bank of America, N.A. will pursue all of its rights and remedies under the loan documents and as permitted by law, unless it agrees otherwise in writing. Failure to bring your loan current or to enter into a written agreement by February 24, 2015 as outlined above will result in the acceleration of your debt.

Additionally, the U.S. Department of Housing and Urban Development (HUD) funds free or very low cost housing counseling across the nation.  Housing counselors can help you understand the law and your options.  They can also help you to organize your finances and represent you in negotiations with your lender if you need this assistance.  You may find a HUD-approved housing counselor near you by calling 1-800-569-4287.  For the hearing impaired, HUD Counseling Agency (TDD) numbers are available at 1-800-877-8339.

If your loan is currently being evaluated for a loan modification, forbearance or other loan assistance solution, this notice will <u>not</u> cancel or delay that evaluation process. However, it is important that you promptly respond to all requests made in connection with your evaluation for a loan assistance solution, including all requests for you to contact us and any documentation required. Please comply with these requests in a timely manner so your request for assistance can be considered as quickly as possible. If your loan is not eligible for a loan assistance program, please note this letter will continue to serve as notice of our right to initiate foreclosure.

**<u>Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.</u>**

Time is of the essence. Should you have any questions concerning this notice, please contact us immediately at 1-800-669-1904. Our office hours are Monday through Thursday 7am to 10pm CST, Friday 7am to 8pm CST, Saturday 8am to 2pm CST.

Bank of America, N.A.
Home Loan Team

## To contact us

| | |
|---|---|
| **Phone** | 1-800-669-1904<br>Office Hours Monday through Thursday 7am to 10pm CST, Friday 7am to 8pm CST, Saturday 8am to 2pm CST |
| **Mail** | PO Box 5170<br>Simi Valley, CA 93062-5170 |
| **To mail a payment** | PO Box 650070<br>Dallas, TX 75265-0070 |



## IMPORTANT DISCLOSURES

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt.  You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program.  You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

Bank of America, N.A., the servicer of your home loan, is required by law to inform you that this communication is from a debt collector.

There has been a payment default or other default on your loan that will result in acceleration of all sums due under the Note.  As a result, Bank of America, N.A. will use companies, including its affiliates LandSafe Default, Inc., LandSafe Services, LLC., LandSafe Title of California, Inc., LandSafe Title of Washington, Inc., LandSafe Title of Florida, Inc., LandSafe Services of Alabama, Inc., LandSafe Title of Texas, Inc., ReconTrust Company, N.A., and LandSafe Appraisal Services, Inc., to provide services required to protect the Noteholder's interest and rights in the property and under the note and security instrument, including any remedies thereunder (the "Default Related Services").  Bank of America, N.A. will assess fees to your loan account for the Default Related Services, including those provided by its affiliates.  A schedule of fees that may be charged to your account for Default Related Services is available at the following web address: http://www.bankofamerica.com/defaultfees. If you do not have internet access, please contact us at 1-800-669-6607, Monday through Thursday 8 a.m. - 11 p.m. Eastern, Friday 8 a.m. - 9 p.m. Eastern, Saturday 9 a.m. - 3 p.m. Eastern, to have a fee schedule mailed to you.  The fee schedule contains a complete list of the default-related services you could be charged, but does not include a complete list of all fees or charges that could be assessed on your loan account.

**MILITARY PERSONNEL/SERVICEMEMBERS**:  If you or your spouse is a member of the military, please contact us immediately.  The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief.  For additional information and to determine eligibility please contact our Military Assistance Team toll free at 1-877-430-5434.  If you are calling from outside the U.S. please contact us at 1-817-685-6491.



C3_3222_BRECDISC 15353 09/24/12

## DIVULGACIONES IMPORTANTES

Si usted se encuentra actualmente en un procedimiento de quiebra, o ha obtenido previamente una exoneración de esta deuda bajo la ley aplicable sobre quiebra, este no es un intento de recaudación, una demanda de pago o un intento de imponer una responsabilidad personal por esa deuda.  Usted no está obligado(a) a hablar de su préstamo para vivienda con nosotros ni a participar en un programa de modificación de préstamos u otro programa de asistencia para préstamos. Usted debe consultar con su abogado especializado en quiebras u otro asesor acerca de sus opciones y derechos legales.

Bank of America, N.A., el administrador de su préstamo para vivienda está obligado por ley a informarle a usted que esta comunicación proviene de un cobrador de deudas.

Ha ocurrido un incumplimiento de pago u otro tipo de incumplimiento con su préstamo que podrá resultar en la aceleración de todas las cantidades adeudadas bajo el Pagaré. Como resultado, Bank of America, N.A. utilizará compañías, incluyendo sus afiliados LandSafe Default, Inc., LandSafe Services, LLC., LandSafe Title of California, Inc., LandSafe Title of Washington, Inc., LandSafe Title of Florida, Inc., LandSafe Services of Alabama, Inc., LandSafe Title of Texas, Inc., ReconTrust Company, NA, y Landsafe Appraisal Services, Inc., para proporcionar servicios necesarios para proteger los intereses del Titular en la propiedad y sus derechos bajo el instrumento de seguridad y el pagaré, incluyendo cualquiera de sus recursos (los "Servicios relacionados a un incumplimiento"). Bank of America, N.A. aplicará cargos a la cuenta de su préstamo por los servicios relacionados a un incumplimiento, incluyendo los servicios proporcionados por sus afiliados.  Una lista de los cargos que podrían cobrarse a su cuenta por servicios relacionados a un incumplimiento está disponible en el sitio de Internet: [http://www.bankofamerica.com/defaultfees].  Si usted no tiene acceso a internet, por favor comuníquese con nosotros al 1-800-669-6607 de lunes a jueves de 8 a. m. a 11 p. m. hora del este, viernes de 8 a. m. a  9 p. m. hora del este, sábados de 9 a. m. a 3 p. m. hora del este. para pedir que se le envíe una lista de cargos por correo.   La lista de cargos contiene una lista completa de los servicios relacionados por incumplimiento que le podían cobrar, pero no incluye una lista completa de todos los costos y cargos que podrían ser aplicados a la cuenta de su préstamo.

**PERSONAL MILITAR/ MIEMBROS DE LAS FUERZAS ARMADAS:**  Si usted o su cónyuge es un miembro del servicio militar, por favor comuníquese con nosotros inmediatamente.  La Ley federal de Ayuda Civil para Miembros de las Fuerzas Armadas y las leyes estatales comparables otorgan protecciones y beneficios significativos al personal del servicio militar que califique, incluídas protecciones contra la ejecución hipotecaria así como también  ayuda en la tasa de interés.  Para obtener más información y determinar su calificación por favor llame sin costo a nuestro Equipo de Asistencia para el Servicio Militar al 1-877-430-5434.  Si usted llama desde fuera de los Estados Unidos por favor comuníquese  con nosotros al 1-817-685-6491.

**Options are Available to Help You**

# Avoid Foreclosure

## Call the number on the enclosed notice to learn more.

**When you call, please have your income and expense information available
so we can discuss which option(s) could work for you.**

### Options to consider if your goal is to stay in your home

| Program | Description |
|---|---|
| **Home Affordable Modification Program (HAMP)** | A federal government program that allows you to repay the loan on newly agreed upon terms, which may include lowering the interest rate, placing past due amounts at the end of the loan, and/or extending the term of the loan. You may be eligible for this program if you meet the following requirements:<br>• The amount you owe on the first mortgage is equal to or less than $729,750 for a single-family home, $934,200 for a 2 unit property, $1,129,250 for a 3 unit property or $1,403,400 for a 4 unit property<br>• You have documented a financial hardship and represented that you do not have sufficient liquid assets to make the monthly mortgage payments.<br>• Your mortgage was obtained before Jan. 1, 2009.<br>• The property securing the mortgage loan has not been condemned or is not in such poor physical condition that it is not habitable even if not condemned<br>• The mortgage is secured by a one to four unit property |
| **Loan Reinstatement** | If you can bring your loan payments up to date, we will accept the funds needed to bring the loan up to date until the day of your foreclosure sale. |
| **Repayment Plan** | A repayment plan allows you to make your regularly scheduled mortgage payments, plus pay off a portion of the past due amounts over time. This may include principal, interest, fees, and/or costs assessed to your loan. |
| **Temporary Forbearance Agreement** | An agreement whereby we agree not to proceed with foreclosure and/or collection of payments for a period of time, to allow you to re-establish your ability to make the required payments. |
| **Loan Modification (non-HAMP)** | A loan modification is a change to the original terms of your loan. Loan modifications could include lowering your interest rate, extending the term or maturity date of the loan, moving from an adjustable to a fixed-rate loan, deferring some portion of the unpaid principal balance to the end of the loan, and/or forgiving some portion of the unpaid principal balance. |
| **Partial Claim (FHA loans only)** | If you have a Federal Housing Administration (FHA) loan and your payments are past due but you are now able to make your regular monthly mortgage payment, this program is designed to bring your loan up to date by creating a second mortgage/lien on your property for the amount that is past due. |

### Options to consider if you cannot or do not wish to stay in your home

| Program | Description |
|---|---|
| **Home Affordable Foreclosure Alternatives Program (HAFA)** | Designed to help borrowers who are eligible for the Home Affordable Modification Program (HAMP) but were unsuccessful in securing a permanent modification through the program. HAFA provides the option of a short sale and, if unsuccessful, a deed in lieu of foreclosure. A short sale is a transaction in which you sell your property for less than the total amount owed on the loan (subject to agreement by your servicer/lender/investor), resulting in the release of our lien on your home and avoidance of foreclosure. A deed in lieu of foreclosure is a transaction in which you agree to voluntarily transfer ownership of your property to us in order to avoid foreclosure. |
| **Short Sale/ Pre-foreclosure Sale (non-HAFA)** | If you can no longer afford to make your mortgage payments and your home is worth less than you owe, a short sale may allow you to sell your home to pay off the mortgage. In a short sale, the lender agrees to accept an amount less than what is actually owed on the loan. Offered to borrowers who are not eligible for HAMP or other home retention alternatives. |
| **Deed in Lieu of Foreclosure (non-HAFA)** | Used as an alternative to foreclosure, with a deed in lieu of foreclosure, you transfer ownership of your house and all property secured by your mortgage loan. This may satisfy the total amount due on that mortgage. Offered to borrowers not eligible for HAMP or other home retention alternatives, and who were not able to sell the property through a short sale. |

## We are here to help you. Please call us today.



Hay opciones disponibles para ayudarle a

# Evitar la Ejecución Hipotecaria

## Llame al número que aparece en la notificación adjunta para obtener más información

Cuando llame, por favor tenga a la mano la información de sus ingresos y gastos para que podamos discutir cuáles opciones podrían funcionar para usted.

## Opciones a considerar si su objetivo es permanecer en su casa

| Programa | Descripción |
|---|---|
| **Home Affordable Modification Program (HAMP)** | Es un programa del gobierno federal que le permite pagar el préstamo bajo los nuevos términos acordados, que pueden incluir la reducción de la tasa de interés, agregar cantidades vencidas  al final del préstamo, y/o extender el plazo del préstamo. Usted puede calificar para este programa si cumple con los siguientes requisitos:<br>• La cantidad que usted adeuda de su primera hipoteca es  igual o menor que $729,750 dólares para una vivienda unifamiliar, $934,200 dólares para una propiedad de 2 unidades, $1,129,250 dólares para una propiedad de 3 unidades o $1,403,400 para una propiedad de 4 unidades<br>• Usted ha documentado que atraviesa por una dificultad financiera y declarado que no tiene suficiente liquidez para hacer los pagos mensuales de la hipoteca.<br>• Obtuvo su hipoteca antes del 1 de enero de 2009.<br>• La propiedad que garantiza el préstamo hipotecario no ha sido condenada o no está en malas condiciones físicas como para no poder habitarse incluso si no está condenada.<br>• La hipoteca está garantizada por una propiedad de una a cuatro unidades. |
| **Restablecimiento del Préstamo** | Si usted puede poner al día los pagos de su préstamo, aceptaremos  los fondos necesarios para que el préstamo esté al día hasta la fecha de la venta por ejecución hipotecaria. |
| **Plan de Pago** | Un plan de pago le permite a usted hacer sus pagos hipotecarios regulares, además de pagar una porción de los montos vencidos a través del tiempo. Esto puede incluir capital, interés, cargos o costos aplicados a su préstamo. |
| **Acuerdo Temporal de Tolerancia por incumplimiento** | Es un acuerdo en el cual aceptamos no proceder con la ejecución hipotecaria y/o el cobro de los pagos por un periodo de tiempo, para permitirle que restablezca su habilidad de hacer los pagos requeridos. |
| **Modificación de Préstamo (no por medio de HAMP)** | Una modificación del préstamo es un cambio en los términos originales de su préstamo, Las modificaciones podrían incluir reducir su tasa de interés, extender el término o la fecha de pago del préstamo, cambiar de un préstamo de tasa de interés ajustable a uno de tasa de interés fija, diferir una parte del saldo del capital impagado al final del préstamo, y/o condonar una parte del saldo de capital impagado. |
| **Reclamo Parcial (solamente préstamos de la FHA)** | Si usted tiene un préstamo de la Administración Federal de Vivienda (FHA) y sus pagos están vencidos, pero ahora puede hacer sus pagos regulares mensuales de la hipoteca, este programa está diseñado para que su préstamo este al día mediante la creación de una segunda hipoteca / gravamen sobre su propiedad por el monto que está vencido. |

C3_5088 OPTAVDFC 15319 09/24/2012

## Opciones a considerar si no puede o no desea quedarse en su casa

| Programa | Descripción |
|---|---|
| **Home Affordable Foreclosure Alternatives Program (HAFA)** | Diseñado para ayudar a los prestatarios que califican para el Programa de Home Affordable Modification (HAMP), pero no consiguieron obtener una modificación permanente a través del programa. HAFA ofrece la posibilidad de una venta en descubierto y, si no tiene éxito, una escritura de traspaso voluntario de propiedad en lugar de la ejecución hipotecaria. Una venta en descubierto es una transacción en la que usted vende su propiedad por menos de la cantidad adeudada en el préstamo (sujeto a previo acuerdo de su administrador / prestamista / inversionista), resultando en la liberación de nuestro derecho de retención sobre su propiedad y evitar la ejecución hipotecaria. Una escritura de traspaso voluntario de propiedad en lugar de la ejecución hipotecaria es una transacción en la que usted está de acuerdo de transferir voluntariamente las escrituras de su propiedad a nosotros con el fin de evitar la ejecución hipotecaria. |
| **Venta en descubierto / Venta previa a la ejecución hipotecaria (no por medio de HAFA)** | Si usted ya no puede hacer sus pagos hipotecarios y su vivienda vale menos de lo que usted adeuda, una venta en descubierto le podría permitir vender su vivienda para pagar la hipoteca. En una venta en descubierto, el prestamista acepta recibir una monto menor de lo que actualmente se adeuda en el préstamo. Se ofrece a los prestatarios que no califican para HAMP o para otras alternativas de retención de la vivienda. |
| **Escritura de traspaso de propiedad en lugar de la ejecución hipotecaria (no por medio de HAFA)** | Se usa como una alternativa de la ejecución hipotecaria. Con una escritura de traspaso voluntario de propiedad en lugar de la ejecución hipotecaria, usted transfiere la titularidad de su vivienda y toda la propiedad que garantiza su préstamo hipotecario. Esto puede hacer que el monto total vencido de esa hipoteca se considere como pagado. Se ofrece a prestatarios que no califican para HAMP u otras opciones de retención de vivienda, y que no pudieron vender la propiedad a través de una venta en descubierto. |

## Estamos aquí para ayudarle. Por favor llámenos hoy.



2293279567



2. Article Number

9314 7100 1170 0788 7767 28

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)*          Yes

1. Article Addressed to:

PAUL K STAFFORD & TELEA J STAFFORD
12923 EPPS FIELD RD
FARMERS BRANCH, TX 75234-6211

**Official USPS use ONLY!**

COMPLETE THIS SECTION ON DELIVERY

A. Received by *(Please Print Clearly)*     B. Date of Delivery

C. Signature
X                                      Agent
                                       Addressee

D. Is delivery address different from item 1?     Yes
   If YES, enter delivery address below:           No

January 15, 2015
9314 7100 1170 0788 7767 28-213

PS Form 3811, January 2005          Domestic Return Receipt

WALM0160

**Bank of America**

Home Loans

PO Box 9048
Temecula, CA 92589-9048



9314 7100 1170 0788 7767 28

Return Receipt Requested

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO



20150115-213

PAUL K STAFFORD & TELEA J STAFFORD
12923 EPPS FIELD RD
FARMERS BRANCH, TX 75234-6211

NIXIE        750    DE 1141       0002/23/15

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 92589904848      *1882-04496-22-15

92589C9048

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**Bank of America, N.A.**
**PO Box 9048**
**Temecula, CA 92589-9048**



**2. Article Number**

9314 7100 1170 0788 7767 04

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

Paul Stafford    1-26-15

C. Signature

X    Agent / Addressee

D. Is delivery address different from item 1?    Yes
If YES, enter delivery address below:    No

**3. Service Type   CERTIFIED MAIL**

**4. Restricted Delivery? (Extra Fee)**    Yes

**1. Article Addressed to:**

PAUL K STAFFORD & TELEA J STAFFORD
3990 VITRUVIAN WAY APT 449
ADDISON, TX 75001-4473

Official USPS use ONLY!

January 15, 2015

9314 7100 1170 0788 7767 04-213

PS Form 3811, January 2005          Domestic Return Receipt

# EXHIBIT A-5

**Barrett Daffin Frappier
Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160 9668 9670 8384 8589

00000006035497        09/29/2017

PAUL K STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

# IMPORTANT INFORMATION IS CONTAINED
# WITHIN THE ATTACHED NOTICE.

# PLEASE  READ  CAREFULLY

# BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
# IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A
# DEBT.  ANY INFORMATION OBTAINED WILL BE USED
# FOR THAT PURPOSE.

01 02 TX N 02                                                                                        HP

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

September 29, 2017

Certified Mail 7160 9668 9670 8384 8589
PAUL K STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

RE:  Mortgage Servicer:  BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP

Loan No.:       ▮▮▮▮▮▮
BDFTE No.:    00000006035497

## NOTICE OF ACCELERATION

This law firm represents BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP is acting as the Mortgage Servicer for BANK OF AMERICA, N.A., who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.  BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, as Mortgage Servicer, is representing the Mortgagee, whose address is:

> BANK OF AMERICA, N.A.
> c/o BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP
> 7105 CORPORATE DRIVE
> PLANO, TX 75024

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.  Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.  Payment of the past due balance on the Debt has not been received by the Mortgage Servicer.  Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.  On Tuesday, November 07, 2017, as designated on the enclosed Notice of Trustee's Sale, the Trustee, or the Substitute Trustee, will sell at the Courthouse of DALLAS County, Texas in the area designated by the Commissioner's Court of such County, or if no area is designated by the Commissioner's Court, in the usual and customary place in that County, to the highest bidder for cash, the Real Estate described in the enclosed Notice.

3.  All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.  All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

**<u>Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.</u>**



September 29, 2017

Certified Mail 7160 9668 9670 8384 8589
00000006035497
PAUL K STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.

Sincerely,

Cheryl Asher

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

**0000000006035497**

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.   **Date, Time, and Place of Sale.**

   Date:       November 07, 2017

   Time:      The sale will begin at 10:00AM or not later than three hours after that time.

   Place      THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTSBUILDING FACING COMMERCE STREET BELOW THE OVERHANGOR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.   **Terms of Sale**. Cash.

3.   **Instrument to be Foreclosed.** The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated November 30, 2007 and recorded in Document CLERK'S FILE NO. 20070431480; AS AFFECTED BY CLERK'S FILE NO. 20080347047 AND 201200213059 real property records of  DALLAS   County, Texas, with PAUL K. STAFFORD AND TELEA STAFFORD, grantor(s) and BANK OF AMERICIA mortgage.

4.   **Obligations Secured**. Deed of Trust or Contract Lien executed by PAUL K. STAFFORD AND TELEA STAFFORD, securing the payment of the indebtednesses in the original principal amount of $810,561.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note.   BANK OF AMERICA, N.A.  is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.   **Property to Be Sold.** The property to be sold is described in the attached Exhibit A.

6.   **Mortgage Servicer Information.** The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP  as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP
7105 CORPORATE DRIVE
PLANO, TX 75024

MICHAEL D. VESTAL, ROBERT FORSTER, JEFFREY FLEMING, LAUREN CHRISTOFFEL, BRETT BAUGH, JOHN BEAZLEY, KENNY SHIREY, RICK MONTGOMERY, CRAIG MUIRHEAD, AARON PARKER, CLAY GOLDEN, ROBERT AGUILAR, BRENT GRAVES, WENDY LAMBERT, TROY ROBINETT, MARK BULEZIUK, TERRY WATERS, MATT HANSEN, FREDERICK BRITTON
Substitute Trustee
c/o  Barrett Daffin Frappier Turner & Engel, LLP
      4004 Belt Line Road, Suite 100
      Addison, Texas 75001

Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001. I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.

Declarants Name:_____
Date:_____



FCTX_Notice_SubTrusteeSale.rpt (03/25/2015) Ver-17

NOS00000006035497

Page 1 of 2

12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

00000006035497

EXHIBIT "A"

LOT 1, IN BLOCK A, OF VALLEY VIEW/STAFFORD, AN ADDITION TO THE CITY OF FARMERS BRANCH, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CLERK'S FILE NO. 20070315299 PLAT RECORDS, DALLAS COUNTY, TEXAS

**Barrett Daffin Frappier
Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160 9668 9670 8384 8596

00000006035497          09/29/2017

TELEA STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

# IMPORTANT INFORMATION IS CONTAINED
# WITHIN THE ATTACHED NOTICE.

## PLEASE  READ  CAREFULLY

# BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
# IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A
# DEBT.  ANY INFORMATION OBTAINED WILL BE USED
# FOR THAT PURPOSE.

01 02 TX N 02                                                                    HP

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

September 29, 2017

Certified Mail 7160 9668 9670 8384 8596
TELEA STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

RE:    Mortgage Servicer:    BANK  OF  AMERICA,  N.A.,  AS  SUCCESSOR  BY  MERGER  TO  BAC  HOME  LOANS
SERVICING, LP

Loan No.:         ▮▮▮▮▮▮▮
BDFTE No.:     00000006035497

## NOTICE OF ACCELERATION

This law firm represents BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP is acting as the Mortgage Servicer for BANK OF AMERICA, N.A., who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.   BANK  OF  AMERICA,  N.A.,  AS  SUCCESSOR  BY  MERGER  TO  BAC  HOME  LOANS  SERVICING,  LP,  as  Mortgage Servicer, is representing the Mortgagee, whose address is:

BANK OF AMERICA, N.A.
c/o BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP
7105 CORPORATE DRIVE
PLANO, TX 75024

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.   Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

**THIS  FIRM  IS  A  DEBT  COLLECTOR  ATTEMPTING  TO  COLLECT  THE  DEBT.    ANY  INFORMATION  OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.    Payment  of  the  past  due  balance  on  the  Debt  has  not  been  received  by  the  Mortgage  Servicer.    Because  of  this  default,  the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.    On  Tuesday,  November  07,  2017,  as  designated  on  the  enclosed  Notice  of  Trustee's  Sale,  the  Trustee,  or  the  Substitute  Trustee, will  sell  at  the  Courthouse  of  DALLAS  County,  Texas  in  the  area  designated  by  the  Commissioner's  Court  of  such  County,  or  if no  area  is  designated  by  the  Commissioner's  Court,  in  the  usual  and  customary  place  in  that  County,  to  the  highest  bidder  for cash, the Real Estate described in the enclosed Notice.

3.    All  of  the  obligors  and  guarantors  (if  any)  of  the  Debt  have  the  right  to  reinstate  the  loan  as  provided  in  the  Deed  of  Trust  and  as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.    All  of  the  obligors  and  guarantors  (if  any)  have  the  right  to  bring  a  court  action  to  assert  the  non-existence  of  a  default  or  any other defense to acceleration and foreclosure which they may have.

**Assert  and  protect  your  rights  as  a  member  of  the  armed  forces  of  the  United  States.    If  you  are  or  your  spouse  is  serving  on active  military  duty,  including  active  military  duty  as  a  member  of  the  Texas  National  Guard  or  the  National  Guard  of  another state  or  as  a  member  of  a  reserve  component  of  the  armed  forces  of  the  United  States,  please  send  written  notice  of  the  active duty military service to the sender of this notice immediately.**



September 29, 2017


Certified Mail 7160 9668 9670 8384 8596
00000006035497
TELEA STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234


If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.


Sincerely,


Cheryl Asher

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

0000000006035497

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.  **Date, Time, and Place of Sale.**

    <u>Date</u>:      November 07, 2017

    <u>Time</u>:     The sale will begin at 10:00AM or not later than three hours after that time.

    <u>Place</u>    THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTSBUILDING FACING COMMERCE STREET BELOW THE OVERHANGOR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.  **Terms of Sale**. Cash.

3.  **Instrument to be Foreclosed.**  The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated November 30, 2007 and recorded in Document CLERK'S FILE NO. 20070431480; AS AFFECTED BY CLERK'S FILE NO. 20080347047 AND 201200213059 real property records of  DALLAS    County, Texas, with PAUL K. STAFFORD AND TELEA STAFFORD, grantor(s) and BANK OF AMERICIA mortgagee.

4.  **Obligations Secured**. Deed of Trust or Contract Lien executed by PAUL K. STAFFORD AND TELEA STAFFORD, securing the payment of the indebtednesses in the original principal amount of $810,561.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note.   BANK OF AMERICA, N.A. is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.  **Property to Be Sold.**  The property to be sold is described in the attached Exhibit A.

6.  **Mortgage Servicer Information.**   The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP  as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP
7105 CORPORATE DRIVE
PLANO, TX 75024

_____

MICHAEL D. VESTAL, ROBERT FORSTER, JEFFREY FLEMING, LAUREN CHRISTOFFEL, BRETT BAUGH, JOHN BEAZLEY, KENNY SHIREY, RICK MONTGOMERY, CRAIG MUIRHEAD, AARON PARKER, CLAY GOLDEN, ROBERT AGUILAR, BRENT GRAVES, WENDY LAMBERT, TROY ROBINETT, MARK BULEZIUK, TERRY WATERS, MATT HANSEN, FREDERICK BRITTON
Substitute Trustee
c/o  Barrett Daffin Frappier Turner & Engel, LLP
     4004 Belt Line Road, Suite 100
     Addison, Texas 75001

Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001. I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.


_____
Declarants Name:_____
Date:_____



12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

**00000006035497**

EXHIBIT "A"

LOT 1, IN BLOCK A, OF VALLEY VIEW/STAFFORD, AN ADDITION TO THE CITY OF FARMERS BRANCH, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CLERK'S FILE NO. 20070315299 PLAT RECORDS, DALLAS COUNTY, TEXAS

**Barrett Daffin Frappier
Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160 9668 9670 8462 5578

00000006035497      02/01/2018

PAUL K STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

# IMPORTANT INFORMATION IS CONTAINED WITHIN THE ATTACHED NOTICE.

## PLEASE  READ  CAREFULLY

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

01 02 TX N 02                                    HP

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

February 01, 2018

Certified Mail 7160 9668 9670 8462 5578
PAUL K STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

RE:     Mortgage Servicer:    FAY SERVICING LLC
        Loan No.:
        BDFTE No.:    00000006035497

## NOTICE OF ACCELERATION

This law firm represents FAY SERVICING LLC, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

FAY SERVICING LLC is acting as the Mortgage Servicer for WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2, who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.  FAY SERVICING LLC, as Mortgage Servicer, is representing the Mortgagee, whose address is:

> WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2
> c/o FAY SERVICING LLC
> 440 S. LASALLE ST.
> 20TH FLOOR
> CHICAGO, IL 60605

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.  Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.    Payment of the past due balance on the Debt has not been received by the Mortgage Servicer.  Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.    On Tuesday, March 06, 2018, as designated on the enclosed Notice of Trustee's Sale, the Trustee, or the Substitute Trustee, will sell at the Courthouse of DALLAS County, Texas in the area designated by the Commissioner's Court of such County, or if no area is designated by the Commissioner's Court, in the usual and customary place in that County, to the highest bidder for cash, the Real Estate described in the enclosed Notice.

3.    All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.    All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.



February 01, 2018

Certified Mail 7160 9668 9670 8462 5578
00000006035497
PAUL K STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

**Assert and protect your rights as a member of the armed forces of the United States.   If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.

Sincerely,

Cheryl Asher

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

0000000006035497

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.   **Date, Time, and Place of Sale.**

   Date:   March 06, 2018

   Time:   The sale will begin at 10:00AM or not later than three hours after that time.

   Place   THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTSBUILDING FACING COMMERCE STREET BELOW THE OVERHANGOR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.   **Terms of Sale**. Cash.

3.   **Instrument to be Foreclosed.**   The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated November 30, 2007 and recorded in Document CLERK'S FILE NO. 20070431480; AS AFFECTED BY CLERK'S FILE NO. 20080347047 AND 201200213059 real property records of   DALLAS   County, Texas, with PAUL K STAFFORD and TELEA STAFFORD, grantor(s) and BANK OF AMERICA, NA mortgagee.

4.   **Obligations Secured**. Deed of Trust or Contract Lien executed by PAUL K STAFFORD and TELEA STAFFORD, securing the payment of the indebtednesses in the original principal amount of $810,561.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note. WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.   **Property to Be Sold**. The property to be sold is described in the attached Exhibit A.

6.   **Mortgage Servicer Information**.   The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgage. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. FAY SERVICING LLC as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o FAY SERVICING LLC
440 S. LASALLE ST. 20TH FLOOR
CHICAGO, IL 60605

_____

MICHAEL HARRISON, ROBERT FORSTER, JEFF FLEMING OR LAUREN CHRISTOFFEL
Substitute Trustee
c/o  Barrett Daffin Frappier Turner & Engel, LLP
     4004 Belt Line Road, Suite 100
     Addison, Texas 75001

### Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001. I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.

_____
Declarants Name:_____
Date:_____



12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

00000006035497

EXHIBIT "A"

LOT 1, IN BLOCK A, OF VALLEY VIEW/STAFFORD, AN ADDITION TO THE CITY OF FARMERS BRANCH, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CLERK'S FILE NO. 20070315299 PLAT RECORDS, DALLAS COUNTY, TEXAS

**Barrett Daffin Frappier**
**Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160 9668 9670 8462 5585

00000006035497      02/01/2018

TELEA STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

# IMPORTANT INFORMATION IS CONTAINED
# WITHIN THE ATTACHED NOTICE.

## PLEASE  READ  CAREFULLY

# BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
# IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A
# DEBT.  ANY INFORMATION OBTAINED WILL BE USED
# FOR THAT PURPOSE.

01 02 TX N 02                                                              HP

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

February 01, 2018

Certified Mail 7160 9668 9670 8462 5585
TELEA STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

RE:    Mortgage Servicer:    FAY SERVICING LLC
       Loan No.:             ▇▇▇▇▇▇▇▇▇▇
       BDFTE No.:            00000006035497

## NOTICE OF ACCELERATION

This law firm represents FAY SERVICING LLC, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

FAY SERVICING LLC is acting as the Mortgage Servicer for WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2, who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.  FAY SERVICING LLC, as Mortgage Servicer, is representing the Mortgagee, whose address is:

> WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2
> c/o FAY SERVICING LLC
> 440 S. LASALLE ST.
> 20TH FLOOR
> CHICAGO, IL 60605

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.  Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.  Payment of the past due balance on the Debt has not been received by the Mortgage Servicer.  Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.  On Tuesday, March 06, 2018, as designated on the enclosed Notice of Trustee's Sale, the Trustee, or the Substitute Trustee, will sell at the Courthouse of DALLAS County, Texas in the area designated by the Commissioner's Court of such County, or if no area is designated by the Commissioner's Court, in the usual and customary place in that County, to the highest bidder for cash, the Real Estate described in the enclosed Notice.

3.  All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.  All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.



SNT00000006035497

February 01, 2018

Certified Mail 7160 9668 9670 8462 5585
00000006035497
TELEA STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

**Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.

Sincerely,

Cheryl Asher

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

0000000006035497

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1. **Date, Time, and Place of Sale.**

    <u>Date</u>:    March 06, 2018

    <u>Time</u>:    The sale will begin at 10:00AM or not later than three hours after that time.

    <u>Place</u>    THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTSBUILDING FACING COMMERCE STREET BELOW THE OVERHANGOR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2. **Terms of Sale**. Cash.

3. **Instrument to be Foreclosed.** The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated November 30, 2007 and recorded in Document CLERK'S FILE NO. 20070431480; AS AFFECTED BY CLERK'S FILE NO. 20080347047 AND 201200213059 real property records of DALLAS County, Texas, with PAUL K STAFFORD and TELEA STAFFORD, grantor(s) and BANK OF AMERICA, NA mortgagee.

4. **Obligations Secured.** Deed of Trust or Contract Lien executed by PAUL K STAFFORD and TELEA STAFFORD, securing the payment of the indebtednesses in the original principal amount of $810,561.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note. WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 is the current mortgagee of the note and Deed of Trust or Contract Lien.

5. **Property to Be Sold.** The property to be sold is described in the attached Exhibit A.

6. **Mortgage Servicer Information**. The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. FAY SERVICING LLC as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o FAY SERVICING LLC
440 S. LASALLE ST. 20TH FLOOR
CHICAGO, IL 60605

_____

MICHAEL HARRISON, ROBERT FORSTER, JEFF FLEMING OR LAUREN CHRISTOFFEL
Substitute Trustee
c/o  Barrett Daffin Frappier Turner & Engel, LLP
    4004 Belt Line Road, Suite 100
    Addison, Texas 75001

Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001. I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.

_____
Declarants Name:_____
Date:_____



12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

**00000006035497**

EXHIBIT "A"

LOT 1, IN BLOCK A, OF VALLEY VIEW/STAFFORD, AN ADDITION TO THE CITY OF FARMERS BRANCH, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CLERK'S FILE NO. 20070315299 PLAT RECORDS, DALLAS COUNTY, TEXAS

**Barrett Daffin Frappier
Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160  9668  9670  8622  1617

00000006035497        10/24/2018

PAUL K STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

# IMPORTANT INFORMATION IS CONTAINED WITHIN THE ATTACHED NOTICE.

# PLEASE  READ  CAREFULLY

# BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

01 02 TX N 02                                                                HP

FCUS_StdBannerPortrait_HP.rpt - (09/17/2018) / Ver-15

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

October 24, 2018

Certified Mail 7160 9668 9670 8622 1617
PAUL K STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

RE:      Mortgage Servicer:     FAY SERVICING LLC
         Loan No.:              ███████████
         BDFTE No.:             00000006035497

## NOTICE OF ACCELERATION

This law firm represents FAY SERVICING LLC, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

FAY SERVICING LLC is acting as the Mortgage Servicer for WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2, who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.  FAY SERVICING LLC, as Mortgage Servicer, is representing the Mortgagee , whose address is:

    WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS
    TRUSTEE FOR MFRA TRUST 2014-2
    c/o FAY SERVICING LLC
    440 S. LASALLE ST.
    20TH FLOOR
    CHICAGO, IL 60605

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.  Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan .

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.   Payment of the past due balance on the Debt has not been received by the Mortgage Servicer.  Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.   On Tuesday, December 04, 2018, as designated on the enclosed Notice of Trustee's Sale, the Trustee, or the Substitute Trustee , will sell at the Courthouse of DALLAS County, Texas in the area designated by the Commissioner's Court of such County, or if no area is designated by the Commissioner's Court, in the usual and customary place in that County, to the highest bidder for cash, the Real Estate described in the enclosed Notice .

3.   All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.   All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have .

October 24, 2018

Certified Mail 7160 9668 9670 8622 1617
00000006035497
PAUL K STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

**<u>Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.</u>**

If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.

Sincerely,

Shawnika Harris

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

00000006035497

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.   **Date, Time, and Place of Sale.**

   <u>Date</u>:     December 04, 2018

   <u>Time</u>:   The sale will begin at 10:00AM or not later than three hours after that time.

   <u>Place</u>   THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTSBUILDING FACING COMMERCE STREET BELOW THE OVERHANGOR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.   **Terms of Sale**. Cash.

3.   **Instrument to be Foreclosed.**   The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated November 30, 2007 and recorded in Document CLERK'S FILE NO. 20070431480; AS AFFECTED BY MODIFICATION AGREEMENTS CLERK'S FILE NO. 20080347047, CLERK'S FILE NO. 201200213059 AND CLERK'S FILE NO. 201700236307 real property records of DALLAS County, Texas, with PAUL K STAFFORD and TELEA STAFFORD, grantor(s) and BANK OF AMERICA, NA mortgagee.

4.   **Obligations Secured**. Deed of Trust or Contract Lien executed by PAUL K STAFFORD and TELEA STAFFORD, securing the payment of the indebtednesses in the original principal amount of $810,561.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note. WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.   **Property to Be Sold.**   The property to be sold is described in the attached Exhibit A.

6.   **Mortgage Servicer Information**.   The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. FAY SERVICING LLC as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o FAY SERVICING LLC
440 S. LASALLE ST. 20TH FLOOR
CHICAGO, IL 60605

_____

MICHAEL HARRISON, PAUL BARRETT, ROBERT FORSTER, JEFF FLEMING OR LAUREN CHRISTOFFEL
Substitute Trustee
c/o  Barrett Daffin Frappier Turner & Engel, LLP
      4004 Belt Line Road, Suite 100
      Addison, Texas 75001

Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001. I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.

_____

Declarants Name:_____
Date:_____



12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

00000006035497

EXHIBIT "A"

LOT 1, IN BLOCK A, OF VALLEY VIEW/STAFFORD, AN ADDITION TO THE CITY OF FARMERS BRANCH, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CLERK'S FILE NO. 20070315299 PLAT RECORDS, DALLAS COUNTY, TEXAS

**Barrett Daffin Frappier
Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160  9668  9670  8622  1624

00000006035497        10/24/2018

TELEA STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

# IMPORTANT INFORMATION IS CONTAINED
# WITHIN THE ATTACHED NOTICE.

# PLEASE  READ  CAREFULLY

# BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
# IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A
# DEBT.  ANY INFORMATION OBTAINED WILL BE USED
# FOR THAT PURPOSE.

01 02 TX N 02                                                                                    HP

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

October 24, 2018

Certified Mail 7160 9668 9670 8622 1624
TELEA STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

RE:     Mortgage Servicer:    FAY SERVICING LLC
        Loan No.:              ████████████
        BDFTE No.:             00000006035497

## NOTICE OF ACCELERATION

This law firm represents FAY SERVICING LLC, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

FAY SERVICING LLC is acting as the Mortgage Servicer for WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2, who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.  FAY SERVICING LLC, as Mortgage Servicer, is representing the Mortgagee , whose address is:

> WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2
> c/o FAY SERVICING LLC
> 440 S. LASALLE ST.
> 20TH FLOOR
> CHICAGO, IL 60605

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.  Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.  Payment of the past due balance on the Debt has not been received by the Mortgage Servicer.  Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.  On Tuesday, December 04, 2018, as designated on the enclosed Notice of Trustee's Sale, the Trustee, or the Substitute Trustee , will sell at the Courthouse of DALLAS County, Texas in the area designated by the Commissioner's Court of such County, or if no area is designated by the Commissioner's Court, in the usual and customary place in that County, to the highest bidder for cash, the Real Estate described in the enclosed Notice.

3.  All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.  All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

October 24, 2018

Certified Mail 7160 9668 9670 8622 1624
00000006035497
TELEA STAFFORD
12923 EPPS FIELD ROAD
FARMERS BRANCH, TX  75234

**<u>Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.</u>**

If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.

Sincerely,

Shawnika Harris

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

**00000006035497**

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.   **Date, Time, and Place of Sale.**

   <u>Date</u>:    December 04, 2018

   <u>Time</u>:   The sale will begin at 10:00AM or not later than three hours after that time.

   <u>Place</u>   THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTSBUILDING FACING COMMERCE STREET BELOW THE OVERHANGOR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.   **Terms of Sale**. Cash.

3.   **Instrument to be Foreclosed.** The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated November 30, 2007 and recorded in Document CLERK'S FILE NO. 20070431480; AS AFFECTED BY MODIFICATION AGREEMENTS CLERK'S FILE NO. 20080347047, CLERK'S FILE NO. 201200213059 AND CLERK'S FILE NO. 201700236307 real property records of DALLAS County, Texas, with PAUL K STAFFORD and TELEA STAFFORD, grantor(s) and BANK OF AMERICA, NA mortgagee.

4.   **Obligations Secured**. Deed of Trust or Contract Lien executed by PAUL K STAFFORD and TELEA STAFFORD, securing the payment of the indebtednesses in the original principal amount of $810,561.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note. WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.   **Property to Be Sold.** The property to be sold is described in the attached Exhibit A.

6.   **Mortgage Servicer Information**. The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. FAY SERVICING LLC as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o FAY SERVICING LLC
440 S. LASALLE ST. 20TH FLOOR
CHICAGO, IL 60605

_____

MICHAEL HARRISON, PAUL BARRETT, ROBERT FORSTER, JEFF FLEMING OR LAUREN CHRISTOFFEL
Substitute Trustee
c/o  Barrett Daffin Frappier Turner & Engel, LLP
       4004 Belt Line Road, Suite 100
       Addison, Texas 75001

Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001. I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.

_____

Declarants Name:_____
Date:_____



12923 EPPS FIELD ROAD
FARMERS BRANCH, TX 75234

00000006035497

EXHIBIT "A"

LOT 1, IN BLOCK A, OF VALLEY VIEW/STAFFORD, AN ADDITION TO THE CITY OF FARMERS BRANCH, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CLERK'S FILE NO. 20070315299 PLAT RECORDS, DALLAS COUNTY, TEXAS