IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL STAFFORD and TELEA STAFFORD, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:18-CV-3274-N |
| WILMINTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 SERVICING and FAY SERVICING, LLC, | § § § § § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendants Wilmington Trust National Association ("Wilmington"), as trustee for MFRA Trust 2014-2 Servicing, and Fay Servicing, LLC's ("Fay Servicing") (collectively, "Defendants") motion for summary judgment [20]. For the reasons below, the Court grants the motion.

### I. ORIGINS OF THE FORECLOSURE DISPUTE

In November 2007, Plaintiffs Paul Stafford and Telea Stafford (collectively, "Plaintiffs") procured a loan from Bank of America, N.A. ("Bank of America") in the amount of $810,561.00 to purchase residential property in Farmers Branch, Texas ("the Property"). Defs. Mot. Summary Judgment Appx. Ex. A-1, 6–8 [21.1]. They simultaneously executed a deed of trust securing the loan with a lien on the Property. *Id.* at Ex. A-2, 14–28.

ORDER – PAGE 1

In January 2015, Bank of America sent a notice of default and intent to accelerate to Plaintiffs, stating that Plaintiffs had failed to make the requisite monthly loan payment for December 2014. *Id.* at Ex. A-4, 38–40, 50–52, 76–80. Bank of America mailed this notice to the Property address via certified mail. *Id.* at Ex. A-4, 50–52, 76–80. It also mailed a second copy, addressed to "Paul and Telea Stafford," to an apartment address located in Addison, Texas ("the Addison apartment"). *Id.* at Ex. A-4, 38–40. Bank of America later assigned its interest to Wilmington on November 7, 2017. *Id.* at Ex. A-3, 36. Beginning in September 2017, Bank of America, and subsequently Wilmington's mortgage servicer, Fay Servicing, mailed multiple notices of acceleration and of foreclosure sale to the Property address. *Id.* at Ex. A-5, 81–110. The final notice was mailed on October 24, 2018, and advertised a foreclosure sale date of December 4, 2018. *Id.* at 96–110. The Defendants did not mail a copy of any of the acceleration and sale notices to the Addison apartment.

Prior to the December 4, 2018, foreclosure date, Plaintiffs filed a lawsuit in state court alleging breach of contract and declaratory judgment claims, arguing that Defendants failed to provide adequate notice of acceleration by not mailing the notice to the Addison apartment. Defendants removed the case to this Court and subsequently brought a motion for summary judgment against Plaintiffs' claims and on their counterclaims.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making

ORDER – PAGE 2

this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT FINDS THAT DEFENDANTS ARE ENTITLED TO JUDGMENT ON PLAINTIFFS' CLAIMS

*A. Breach of Contract Claim*

Plaintiffs argue that Defendants breached the deed of trust because they failed to provide adequate notice of acceleration. Because the Court holds that the notice satisfies both the contractual requirements in the deed of trust and Texas law statutory requirements, the Court grants Defendants' motion as to this claim.

Under Texas law, a breach of contract claim requires that a claimant show: (1) the existence of a valid and enforceable contract; (2) that the claimant performed or was

excused from performing under the contract; (3) that defendant breached the contract; and (4) that the defendant's breach caused the claimant's injury. The deed of trust in this case provides that the lender's notice of default, notice of intent to accelerate, and notice of acceleration are proper if they are compliant with the "applicable law," which is the law of the state where the property is located — in this case, Texas. Defs.' Mot. Summary Judgment Appx. Ex. A-2, 21–22, 28 [21.1].

Texas law requires that a lender seeking to foreclose on property under a power of sale conferred by a deed of trust must provide each debtor a notice of default and opportunity to cure twenty days prior to foreclosure. TEX. PROP. CODE § 51.002(d); *see id.* at (b) (requiring notice of the foreclosure sale twenty-one days prior to sale). The notices must be sent to the debtor's "last known address," which means "*for a debt secured by the debtor's residence*, the debtor's residence unless the debtor provided the mortgage servicer a written change of address before the date the mortgage servicer mailed a notice." TEX. PROP. CODE § 51.0001(2)(A) (emphasis added). Additionally, lenders must send notice of acceleration, which is proper if the lender provides (1) notice of intent to accelerate and (2) notice of acceleration. *Holy Cross Church of God in Christ*, 44 S.W.3d 562, 566 (Tex. 2001). These notices "must be clear and unequivocal." *Id.* The statute requires only constructive notice, which is achieved once the notice is deposited in the United States mail properly addressed and with postage prepaid. TEX. PROP. CODE § 51.002(e).

Plaintiffs' central argument is that Defendants failed to provide proper notice, specifically to Paul Stafford, because the Defendants served notice of acceleration only to

the address of the mortgaged Property, which they contend is not Paul Stafford's "last known address." Plaintiffs claim that Defendants knew Paul Stafford resided at a different location because, prior to mailing the notice of acceleration in 2018, the notice of default and intent to accelerate mailed in 2015 was sent both to the mortgaged residential Property and to the Addison apartment. This argument is unavailing. The loan in this case was secured by a lien on property serving as the Plaintiffs' residence at the time. Defs.' Mot. Summary Judgment Appx. Ex. A-2, 14–15, 33 [21.1]. For purposes of the statutory notice requirements for this type of lien, a debtor's "last known address" is the mortgaged residence unless the debtor provides written notice of a different address to be used. TEX. PROP. CODE § 51.0001(2)(A). The statute does not make an exception if the debtor no longer lives at the mortgaged residence or if the lenders may have actual notice of a potential residence change.

The statutory language states that "last known address" means "for a debt secured by the debtor's residence, the debtor's residence." § 51.0001(2)(A). The first clause — "for a debt secured by the debtor's residence" — unambiguously references the residential property that secured the home mortgage loan, in which the debtor resided when he procured the loan. While there is no Texas caselaw specifically interpreting the meaning of this provision, the Court holds that Texas courts would give the statute its most logical reading and interpret the second clause — "debtor's residence" — as referencing the same residence described in the immediately preceding clause: the residence securing the home mortgage loan. The mere fact that a debtor may later choose a different residence does not satisfy the constructive notice requirements of this provision. A debtor must give written

ORDER – PAGE 5

notice to the lender if he wishes to receive notices at an address other than the mortgaged residential property on record with the lender.

Here, Defendants mailed all requisite notices of default, intent to accelerate, and acceleration to the address of the mortgaged residence. Defs.' Mot. Summary Judgment Appx. Exs. A-4, 38–40; A-5, 81–110 [21.1]. Paul Stafford does not contend or offer proof suggesting that he provided prior written notice of a different address to be used by Defendants for notice purposes. As to Telea Stafford, the pleadings allege that she resides at the mortgaged property, and summary judgment evidence establishes that all notices were mailed to that property via certified mail, as required by Texas law and in satisfaction of the deed of trust notice requirements. The Court consequently finds that Plaintiffs' breach of contract claim fails because there is no material issue of fact and as a matter of law Defendants satisfied the Texas statutory notice requirements and contractual notice provisions.

### B. Declaratory Judgment Claims

A declaratory judgment action operates to provide parties with an "early adjudication of an actual controversy" that is cognizable under other substantive law. *Capital One v. Swisher-35, Ltd.*, 2008 WL 4274499, at *2 (N.D. Tex. 2008) (internal quotation omitted); *see also Bauer v. Texas*, 341 F3d 352, 357–58 (5th Cir. 2003). Both Plaintiffs' declaratory claims are premised on the argument that Defendants' deficient notice barred the scheduled December 4, 2018, foreclosure that was approaching when Plaintiffs filed their state court suit. Pltf.'s Orig. Pet. 6–7 [1.1]. Because the December 2018 foreclosure did not occur and that date has now passed, any underlying controversy

regarding this potential foreclosure sale is now moot. The Court thus grants Defendants summary judgment against Plaintiffs' declaratory judgment claims.

### IV. THE COURT GRANTS DEFENDANTS JUDGMENT ON THEIR BREACH OF CONTRACT COUNTERCLAIM

Defendants seek summary judgment on their breach of contract counterclaim and request as a remedy an order authorizing foreclosure under the deed of trust and section 51.002. To establish entitlement to a foreclosure order under section 51.002, a party must prove (1) the existence of a debt secured by a lien created under Article 16, section 50(a)(6) of the Texas Constitution; (2) the debtor's default under the loan agreement secured by the deed of trust; (3) ; and that the debtor received notice of default and acceleration. *Weeks v. Green Tree Srvcing., LLC*, 2017 WL 4325797, at *7 (N.D. Tex. 2017).

The summary judgment evidence establishes both that Plaintiffs breached the deed of trust and that Defendants are entitled to a foreclosure order. Defendants and Plaintiffs were parties to a valid and enforceable deed of trust. Defs. Mot. Summary Judgment Appx. Ex. A-2, 14–28 [21.1]. As discussed above, Defendants' performance satisfied the terms of that contract, including the notice requirements. The evidence also shows that Plaintiffs breached the deed of trust by failing to make the requisite monthly payments beginning in December 2014 and that this breach caused damages to Defendants. *Id.* at Exs. A, 3; A-4, 50–52, 76–80. Likewise, this evidence establishes the similar requirements for a foreclosure order under section 51.002 by proving the existence of the debt under the note and deed of trust, showing that Plaintiffs defaulted and currently owe a debt of over $900,000.00, and showing that Defendants properly provided notice of default, intent to

accelerate, and acceleration. *Id.* at Exs. A, 3; A-1, 6–8; A-2, 14–28; A-4, 38–40, 50–52, 76–80; A-5, 81–110. The Court thus holds that there are no material issues of fact regarding Defendants' breach of contract claim seeking foreclosure and that Defendants have established breach of contract and shown entitlement to a foreclosure order as a matter of law.

## CONCLUSION

The Court grants Defendants summary judgment on all Plaintiffs claims. Further, the Court grants Defendants summary judgment on their breach of contract claim.[1] Defendants are statutorily entitled to proceed with foreclosure.

Signed March 30, 2020.

David C. Godbey<br>
United States District Judge

---

[1] The Court does not enter judgment as to Defendants' declaratory judgment claim, which was not briefed, and does not enter a final judgment because Defendants thus still have one active counterclaim — the counterclaim for declaratory judgment.

ORDER – PAGE 8