UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL STAFFORD and<br>TELEA STAFFORD,<br><br>　*Plaintiffs*,<br><br>v.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 SERVICING and FAY SERVICING, LLC,<br><br>　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:18-CV-3274-N |

---

**DEFENDANTS' BRIEF IN OPPOSITION
PLAINTIFFS' MOTION FOR RECONSIDERATION**

---

DATE:      May 18, 2020.


　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　**HOPKINS LAW, PLLC**

　　　　　　　　　　　　　　By:　　/s/ *Mark D. Hopkins*
　　　　　　　　　　　　　　　　　Mark D. Hopkins
　　　　　　　　　　　　　　　　　State Bar No. 00793975
　　　　　　　　　　　　　　　　　Shelley L. Hopkins
　　　　　　　　　　　　　　　　　State Bar No. 24036497
　　　　　　　　　　　　　　　　　3809 Juniper Trace, Suite 101
　　　　　　　　　　　　　　　　　Austin, Texas 78738
　　　　　　　　　　　　　　　　　(512) 600-4320
　　　　　　　　　　　　　　　　　mark@hopkinslawtexas.com
　　　　　　　　　　　　　　　　　shelley@hopkinslawtexas.com

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

Crystal G. Gibson
State Bar No. 24027322
4004 Belt Line Rd., Ste. 101
Addison, Texas 75001
(972) 340-7901
(972) 341-0783 (Facsimile)
CrystalR@bdfgroup.com

**ATTORNEYS FOR DEFENDANTS**

ii

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... iii

TABLE OF AUTHORITIES ..................................................................................................... iv

I.  PROCEDURAL BACKGROUND & SUMMARY ................................................................. 1

II.  FACTUAL BACKGROUND ................................................................................................. 3

III.  ARGUMENT AND AUTHORITIES .................................................................................... 4

    A.    Plaintiffs' Motion for Reconsideration is Improper............................................................ 4

    B.    Notice of Default and Notice of Acceleration were Properly Sent to Plaintiffs. ................. 6

    C.    Notice of Plaintiffs' Right to Reinstate Their Loan was Provided to Plaintiffs. ................ 7

    D.    Plaintiffs were entitled to "Notice of Default", not "Notice of *Continued* Default." ......... 8

    E.    Improper to Permit Interlocutory Appeal. ........................................................................ 10

VI.  CONCLUSION ..................................................................................................................... 12

CERTIFICATE OF SERVICE ................................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**

*Ala. Labor Council, AFL-CIO, Pub. Emp. Union, Local No. 1279 v. State of Ala.*,
  453 F.2d 922, 924 (5th Cir. 1972) .................................................................................... 11

*AMS Staff Leasing, NA, Ltd., v. Associated Contract Truckmen, Inc.*,
  Case No. 304-CV-1344-D, 2005 WL 3148284, *3 (N.D. Tex. Nov. 21, 2005) ......................... 5

*Arrieta v. Yellow Transp., Inc.*,
  Case No. 3:05-CV-2271-D, 2009 WL 129731 *1 (N.D. Tex. 2009) ......................................... 5

*Bejjani v. Wilmington Tr. Co.*,
  No. H-10-2727, 2011 WL 3667569, at *3 (S.D. Tex. Aug. 22, 2011) ....................................... 8

*Browning v. Navarro*,
  894 F.2d 99, 100 (5th Cir. 1990) ............................................................................................ 6

*Colli v. Southern Methodist University*,
  Case No. 3:08-CV1627-P, 2011 WL 352440 (N.D. Tex. Feb. 14, 2011) ............................. 4, 5

*Dick v. Colorado Housing Enterprises, LLC*,
  780 Fed. Appx. 121, 122 (5th Cir. July 5, 2019) ..................................................................... 8

*Helena Labs. Corp. Alpha Sci. Corp.*,
  483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) ............................................................................ 5

*In Re Cobalt International Energy, Inc.*,
  Case No. H-14-3428, 2016 WL 949065 (S.D. Tex. Mar. 14, 2016) ....................................... 11

*Jackson v. Caribbean Cruise Line, Inc.*,
  88 F. Supp. 3d 129, 141 (E.D.N.Y. 2015) ............................................................................. 11

*Kara v. Waterfall Victoria Master Fund. Ltd.*,
  No. SA-16-CA-1265-FB, 2017 WL 10841214, at *4 (W.D. Tex. Sept. 25, 2017) .................... 8

*Lambert v. First Nat'l Bank of Bowie*,
  993 S.W.2d 833, 835 (Tex. App.–Fort Worth 1999, pet. denied) .......................................... 10

*Lee v. Active Power, Inc.*,
  Case No. A-13-CA-797-SS, 2014 WL 4337860 at * 2 (W.D. Tex. Sept. 2, 201) .................... 11

*Mae v. Hurst*,
  613 F. App'x 314, 318 (5th Cir. 2015) ................................................................................... 10

*Mullen* v. *JPMorgan Chase Bank, N.A.*,
   Case No. 3:16-CV-1525-B, 2017 WL 7520608, *2 (N.D. Tex. May 26, 2017) ........................ 5

*Nieman v. City of Dallas*,
   Case No. 3:14-CV*3897-M-BF, 2016 WL 470235, *3 (N.D. Tex. Feb. 8, 2016) ................... 11

*Phan v. Bank of America, N.A.*,
   Case No. H-3-2596, 2014 WL 12539731, *2 (S.D. Tex. Jan. 24, 2014) .................................... 9

*Solomon v BAC Home Loans Servicing, L.P.,*
   Case No. 4:10-CV-614, 2013 WL 5500069, *5 (E.D. Tex. 2013) ............................................ 9

*State of Texas v. Ysleta Del Sur Pueblo,*
   370 F. Supp. 3d 705, 708 (W.D. Tex. 2018) ............................................................................. 10

*Tremble v. Wells Fargo Home Mortg., Inc.*,
   478 Fed. Appx. 164, 167, 2012 WL 1957902, 2 (5th Cir. 2012) ............................................ 10

*United States v. Garner*,
   749 F.2d 281, 286 (5th Cir. 1985) ............................................................................................ 10

*Villareal v. Caremark LLC*,
   85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015) .............................................................................. 11

*Waltman v. Int'l Paper Co.,*
   875 F.2d 468, 473 (5th Cir. 1989) .......................................................................................... 5, 6

**STATUTES**

28 U.S.C. §1292(b) ...................................................................................................... 1, 10, 11

Tex. Prop. Code § 51.0001(2)(A) ..................................................................................................... 7

Tex. Civ. Prac. & Rem. Code §12.002 ............................................................................................. 1

**RULES**

Fed. R. Civ. P. 54(b) ........................................................................................................................ 5

Fed. R. Civ. P. 59 ............................................................................................................................. 5

Fed. R. Civ. P. 60 ............................................................................................................................. 5

Plaintiffs Paul Stafford and Telea Stafford (collectively "Staffords") filed a Motion for Reconsideration [Doc. 38] and Brief in support thereof [Doc. 39] requesting that the Court re-visit its grant of summary judgment [Doc. 36] in favor of Defendants Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 ("Wilmington") and Fay Servicing, LLC ("Fay Servicing" or collectively as "Defendants"). Stafford additionally requests, in the alternative, that the Court certify the Order Granting Defendants' Summary Judgment for immediate appeal pursuant to U.S.C. § 1292(b).

In response to the foregoing, Defendants file this Brief in Opposition to Plaintiffs' requests for relief.

## I. PROCEDURAL BACKGROUND & SUMMARY

1.   On December 3, 2018, Plaintiffs Paul Stafford and Telea Stafford (hereinafter "Plaintiffs" or the "Staffords") filed Plaintiffs' Original Petition, Application for Temporary Restraining Order and Temporary Injunction in the 101st District Court of Dallas County, Texas, bearing Cause Number DC-18-18006, seeking to delay foreclosure of the property made subject of this suit.

2.   On December 13, 2018, Defendants Wilmington and Fay removed this case to the present court based on the Court's diversity jurisdiction. Defendants filed their Answer and Counterclaim for foreclosure on December 20, 2018 [Doc. 3].

3.   Plaintiffs' Complaint [Doc. 1-1] asserted three causes of action against Fay Servicing (the mortgage servicer) and Wilmington (the owner of the Note and beneficiary of Deed of Trust) upon which Plaintiffs sought to delay foreclosure and receive actual damages. Plaintiffs asserted claims for (1) breach of contract, (2) declaratory judgment (as to standing), and (3) declaratory judgment (as to procedural defects).

1

4.      The Court entered a Scheduling Order and set this matter for a jury trial to commence on January 13, 2020. Despite the case being pending for over a year, the Staffords requested a continuance of trial and extension of the scheduling order deadlines. [Doc. 22]. The Court reset trial to commence on May 18, 2020.  [Doc. 30].

5.      Prior to the original trial setting, Defendants filed a Motion for Summary Judgment and Brief in Support. [Docs. 20, 21]. The Staffords filed a Response to Defendants' Motion for Summary Judgment.  [Doc. 26]. Thereafter, Defendants filed their Reply in Support of Motion for Summary Judgment.  [Doc. 29]. Through summary judgment, Defendants sought the dismissal of all of Staffords' claims as well as the grant of Defendants' counterclaim for breach of contract. Defendants did not move for summary judgment on a separate counterclaim seeking declaratory relief.

6.      The Court granted Defendants' Motion for Summary Judgment on March 30, 2020. [Doc. 36]. The Court's Memorandum Opinion and Order disposed of all claims of all the parties except Defendants' declaratory judgment claim.  *Id.* at p. 8.  Defendants have subsequently filed a Notice of Partial Dismissal requesting that the Court dismiss, without prejudice, Defendants' counterclaim for declaratory relief. [Doc. 37]. Upon the Court's action dismissing the declaratory judgment claim, the case is ripe for entry of a final judgment.

7.      The Staffords' have filed a Motion for Reconsideration requesting that the Court re-visit the rulings it has already made.  [Doc. 39]. For the reasons set out herein, Defendants assert that Staffords' Motion for Reconsideration lacks merit and should be in all things denied. Defendants further assert that Staffords' Motion to Certify the interlocutory summary judgment order lacks both substantive merit and well as factual necessity given that Defendants have already

2

suggested to the Court that the dismissal of their remaining claim for declaratory relief will dispose of all remaining claims whereby a final judgment can be entered.

8. Defendants assert that the relationship between the parties is strictly defined by the contractual terms contained within the loan documents. The loan documents require Plaintiffs to make monthly mortgage payments, inclusive of principal, interest, and escrow items. As a result of Plaintiffs failing to pay their monthly payments required under the Note, foreclosure proceedings were instituted. Defendants' evidence conclusively establishes that Plaintiffs breached the terms of the loan agreement and proper notices of default and acceleration were provided under the Deed of Trust and Texas Property Code. Plaintiffs' claims for breach of contract, declaratory judgment for procedural defects and declaratory judgment as to standing all fail as a matter of law due to the incontrovertible summary judgment evidence. Further, Defendants are entitled to judgment on their counterclaim for foreclosure based upon the summary judgment evidence.

## II. FACTUAL BACKGROUND

9. On November 30, 2007, Plaintiffs executed a Note (the "Note") in the amount of $810,561.00 to obtain a loan on the Property, commonly known as 12923 Epps Field Road, Farmers Branch, Texas 75234. The Note requires Plaintiffs to make monthly principal and interest payments on the first day of each month in the amount of $5,529.46 beginning on January 1, 2009, and continuing each month until paid in full. [Doc. 21, ex. A-1]. If Plaintiffs default, the Note permits the acceleration of the maturity date of the Note, in which event the remaining unpaid balance becomes immediately due and payable in full. *Id.*

10. Contemporaneously with the execution of the Note, Plaintiffs executed a Deed of Trust (the "Deed of Trust"), which granted a security interest in the Property to secure repayment of the Note. [Doc. 21, ex. A-1 and A-2]. The Deed of Trust authorizes Defendants to accelerate

the maturity date of the Note and to foreclose on the Property pursuant to a court order should Plaintiff default. The Note and Security Instrument are collectively referred to herein as the "Loan" or the "Loan Agreement."

11.     Plaintiffs defaulted on their Note by failing to make the December 2014 payment as contractually required. As a result, a Notice of Default was sent to Plaintiffs on January 15, 2015.  [Doc. 21, ex. A-4]. While never curing their default, Plaintiffs did make a few partial payments that were applied to the loan after the Notice of Default was sent on January 15, 2015. As a result of the foregoing, the contractual due date for the Loan became April 1, 2015.  [Doc. 21, ex. A, para. 10]. The Loan is due for April 1, 2015 and all subsequent payments. *Id.* Thereafter, on September 29, 2017, February 1, 2018, and again on October 24, 2018, Notices of Acceleration were sent to Plaintiffs.  [Doc. 21, ex. A-5].

### III.  ARGUMENT AND AUTHORITIES

**A.     Plaintiffs' Motion for Reconsideration is Improper.**

12.     Plaintiffs are quick to point out to the Court that it has broad discretion to revise an interlocutory order "for any reason it deems sufficient." *Plaintiffs' Brief in Support of Motion for Reconsideration.* [Doc. 39, para. 22]. Plaintiffs additionally assert that "the stricter constraints of Rules 59 and 60 do not apply to a motion to reconsider an interlocutory order [under Rule 54(b)]." Plaintiffs rely on *Colli v. Southern Methodist University,* for the proposition that a court's considerations under Rule 54(b) are substantially more relaxed than under Rules 59 or 60. *Colli v. Southern Methodist University*, Case No. 3:08-CV1627-P, 2011 WL 352440 (N.D. Tex. Feb. 14, 2011). However, digging beyond the headnotes, neither *Colli* nor any other Northern District case support Plaintiffs' contentions.

4

13. The United States District Court for the Northern District of Texas has consistently held that when a motion is brought under Rule 54(b), the considerations for a court are the same as if the motion had been brought under Rule 59. *See, Arrieta v. Yellow Transp., Inc.*, Case No. 3:05-CV-2271-D, 2009 WL 129731 *1 (N.D. Tex. 2009)("…the court's analysis is the same whether the motion is viewed as a Rule 59(e) motion or a motion to reconsider [under Rule 54(b)]"). The Northern District has specifically held that even though the Rule 54(b) standard may be less exacting than that imposed by Rules 59 and 60, "considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Colli,* 2011 WL 3524403 *1.

14. "Motions for reconsideration 'serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Mullen* v. *JPMorgan Chase Bank, N.A.*, Case No. 3:16-CV-1525-B, 2017 WL 7520608, *2 (N.D. Tex. May 26, 2017); relying on *Helena Labs. Corp. Alpha Sci. Corp.,* 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007); *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989). As such, "considerations such as whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification bear upon the Court's review of the motion for reconsideration." *Colli,* 2011 WL 3524403 *2; *Mullen*, 2017 WL 7520608, *2. In short, Rule 54(b) motions "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *AMS Staff Leasing, NA, Ltd., v. Associated Contract Truckmen, Inc.,* Case No. 304-CV-1344-D, 2005 WL 3148284, *3 (N.D. Tex. Nov. 21, 2005).

15. As stated by the Fifth Circuit, "It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party. " *See, Browning v.*

*Navarro,* 894 F.2d 99, 100 (5th Cir. 1990); also see, *Waltman v. International Paper Co.,* 875 at 474 (addressing untimely nature of arguments when those arguments were available at the time the party responded to the summary judgment motion). Despite the clear guidance by the Northern District and Fifth Circuit regarding the limited purpose of a motion for reconsideration, Plaintiffs have elected to ignore that clear guidance and press forward with their Motion for Reconsideration:

a. **Re-hashing** their argument over where a Notice of Default and/or a Notice of Acceleration should be mailed;

b. **Re-hashing** their argument that they were not given proper notice of the opportunity to reinstate their Loan after acceleration; and

c. **Newly arguing** that in addition to receiving an initial Notice of Default, Plaintiffs were entitled to additional "Notice(s) of *Continued* Default."

Setting aside the reality that Plaintiffs' motion is improper for the sake of argument, Plaintiffs' arguments each additionally fail for the reasons addressed below.

**B.     Notice of Default and Notice of Acceleration were Properly Sent to Plaintiffs.**

16.     The crux of Plaintiffs' claims in this lawsuit is that Defendants failed to provide proper notice of default and acceleration to Paul Stafford. The reality is that Mr. Stafford elected to move from the mortgaged residential Property, but in so doing he never provided Defendants with written notice of his request to be served with notice at another address of his choosing. Nonetheless, Plaintiffs argue that Defendants were required to guess where Mr. Stafford may be located, and send notice to the surmised address. In contrast to having Defendants guess, both the Deed of Trust and Texas statute provide clarity (and certainty) as to where a lender is to send a borrower a notice of default or acceleration. The Court, in its Memorandum Opinion, rejected Plaintiffs contentions stating,

> This argument is unavailing…For purposes of the statutory notice requirements for this type of lien, a debtor's "last known address" is the mortgaged residence unless the debtor provides written notice of a different address to be used. TEX. PROP.

6

>CODE § 51.0001(2)(A). The statute does not make an exception if the debtor no longer lives at the mortgaged residence or if the lenders may have actual notice of a potential residence change.

Defendants are in agreement with the Court's analysis. This issue has been fully brief by Defendants in their previous filings, which Defendants adopt and incorporate herein for purposes of judicial economy. [Doc. 21, pages 6-7], [Doc. 29, pages 2-6].

**C.  Notice of Plaintiffs' Right to Reinstate Their Loan was Provided to Plaintiffs.**

17. Plaintiffs continue to argue, without basis in fact, that Defendants breached the Deed of Trust by failing to inform Plaintiffs of their right to reinstate or remedy (right to cure) any asserted default by lender. [Doc. 39, page 12]. In contrast to Plaintiffs' baseless argument, Defendants provided Plaintiffs with notice of their right to both cure their default as well as reinstate their loan.

18. The Deed of Trust provides in paragraph 22 that "The notice [of default] shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default…". [Doc. 21, ex. A-2, para. 22]. In compliance with the terms of the Deed of Trust, the Notice of Default sent to Plaintiffs specifically informed them of their rights as set out above. The Notice of Default specifically states in part, "If required by law or your loan documents, you may have the right to cure the default and reinstate the loan after the acceleration of the mortgage payments and before the foreclosure sale of your property…". [Doc. 21, ex. A-4]. The Notice of Acceleration provided Plaintiffs with the same required notice, that being, "All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law." [Doc. 21, ex. A-5].

19. In short, Defendants provided Plaintiffs with proper notice of Plaintiffs' right to reinstate the loan. To the extent Plaintiffs' Motion for Reconsideration can be construed as Plaintiffs' assertion that Defendants were required to provide Plaintiffs with *something more*, Plaintiffs' argument is without merit. While Defendants want to work with Plaintiffs to provide updated reinstatement figures, the failure to provide those figures is not actionable. The Fifth Circuit has indicated that lenders are not contractually obligated to supply a reinstatement amount. *See, Dick v. Colorado Housing Enterprises, LLC*, 780 Fed. Appx. 121, 122 (5th Cir. July 5, 2019) (per curiam) ("refusal" to communicate the amount of payment necessary for reinstatement did not breach the Deed of Trust as there was no obligation for defendants to notify the plaintiff of the reinstatement amount); *Kara v. Waterfall Victoria Master Fund. Ltd.*, No. SA-16-CA-1265-FB, 2017 WL 10841214, at *4 (W.D. Tex. Sept. 25, 2017) ("[D]efendants were under no contractual obligation to provide plaintiff with a reinstatement or payoff amount."); *Bejjani v. Wilmington Tr. Co.,* No. H-10-2727, 2011 WL 3667569, at *3 (S.D. Tex. Aug. 22, 2011) ("[T]he defendants are required to notify the plaintiff of his right to reinstate, but they are not required to calculate the reinstatement figure for him.").

**D.     Plaintiffs were entitled to "Notice of Default", not "Notice of *Continued* Default."**

20. Plaintiffs attempt to draw confusion to the summary judgment evidence with their *new* argument pointing out for the Court that Defendants' Notice of Default was sent on January 15, 2015, but that Defendant Fay Servicing's affidavit submitted in support of summary judgment sets out that the loan is contractually due for the April 1, 2015 payment and all payments thereafter. Plaintiffs fail to articulate why the above facts matter to the Court's analysis. Defendants understand Plaintiffs to be arguing that perhaps Plaintiffs were entitled to a new notice of default if payments were applied to the loan after the initial notice of default was mailed out. If so,

Plaintiffs are mistaken. Nothing prohibited Defendants from accepting a partial payment on the loan after the Notice of Default was mailed.

21. First, the Notice of Default specifically addresses that a partial payment can be applied to the loan by the lender (pre-acceleration) without jeopardizing the foreclosure process. The Notice of Default reads in part,

> The default will not be considered cured unless [Lender] receives "good funds" in the full amount as forth in the previous paragraph on or before February 24, 2015. … [Lender] reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured."

[Doc. 21, ex. A-4]. Plaintiffs, by way of their summary judgment response, had ample opportunity to submit evidence reflecting that they cured their default within the time provided to them to do so. They failed to submit any such evidence. Now, after judgment has been granted, Plaintiffs seek to cause confusion where none exists. Defendants were completely within their contractual rights to accept a few partial payments (over two years between default and acceleration) and apply those payments to the loan.

22. Nothing within the loan documents prohibits Defendants from applying a partial payment to the loan. In analyzing the same set of facts under similar contractual documents, the Southern District has held, "[Lender] did not waive its right to foreclose by accepting payments that did not fully cure the default following the Notice of Default." *Phan v. Bank of America, N.A.*, Case No. H-3-2596, 2014 WL 12539731, *2 (S.D. Tex. Jan. 24, 2014); *also see, Solomon v BAC Home Loans Servicing, L.P.,* Case No. 4:10-CV-614, 2013 WL 5500069, *5 (E.D. Tex. 2013)(determining under similar loan documents that, "…Plaintiff's June 2010 payments did not total the full amount due and that the Note was not accelerated until after those partial payments

9

were made. Therefore, no intent to abandon Defendants' rights is shown and no fact issue is created regarding BAC's intent to accelerate and foreclose by virtue of BAC's acceptance of partial payments"). The contractual language of the Deed of Trust makes it permissive for Defendants to apply, or not apply partial payments to the loan. The Fifth Circuit has held that a lender's permissive conduct does not create a duty for the lender to provide additional notices to a borrower beyond what is required by law. As observed by the Fifth Circuit, "Texas has rejected the argument that a bank's prior permissive relationship with a mortgagor creates any duty to provide notice beyond that required by statute." *Tremble v. Wells Fargo Home Mortg., Inc.,* 478 Fed. Appx. 164, 167, 2012 WL 1957902, 2 (5th Cir. 2012) (citing *Lambert v. First Nat'l Bank of Bowie,* 993 S.W.2d 833, 835 (Tex. App.–Fort Worth 1999, pet. denied)).

### E.    Improper to Permit Interlocutory Appeal.

23.    No statute exists that affords Plaintiffs the ability to take an interlocutory appeal of the Court's Order granting an interlocutory summary judgment as a matter of right. However, pursuant to 28 U.S.C. 1292(b),

> A district court may make an order appealable that would otherwise not be appealable if the court is of the opinion that: (1) "such order involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*State of Texas v. Ysleta Del Sur Pueblo,* 370 F. Supp. 3d 705, 708 (W.D. Tex. 2018); 28 U.S.C. § 1292(b). A district court's "[O]rders certifying an interlocutory appeal are reserved for "exceptional cases" and are "generally disfavored." *Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015); *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). The Fifth Circuit "adhere[s] to a strict interpretation of § 1292(b)" and commands that the conditions in § 1292(b) "are to be strictly construed and applied." *Ala. Labor Council, AFL-CIO, Pub. Emp. Union, Local No. 1279 v. State*

10

*of Ala.*, 453 F.2d 922, 924 (5th Cir. 1972). Even if a movant has satisfied all of the elements of 28 U.S.C. § 1292(b), "District courts have unfettered discretion to deny certification, even when all [statutory criteria] are satisfied." *In Re Cobalt International Energy, Inc.,* Case No. H-14-3428, 2016 WL 949065 (S.D. Tex. Mar. 14, 2016); relying on, *Nieman v. City of Dallas*, Case No. 3:14-CV*3897-M-BF, 2016 WL 470235, *3 (N.D. Tex. Feb. 8, 2016) (Lynn, J.); *see also Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 141 (E.D.N.Y. 2015); *Villareal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015).

24. The Honorable Judge Sparks from the Western District of Texas and the Honorable Judge Atlas from the Southern District of Texas have both identified common elements that the Fifth Circuit applies in determining if the elements of 28 U.S.C. § 1292(b) have been met. *See generally, In Re Cobalt International Energy Inc.,* 2016 WL 949065 at *2 ; *Lee v. Active Power, Inc.,* Case No. A-13-CA-797-SS, 2014 WL 4337860 at * 2 (W.D. Tex. Sept. 2, 201). The elements, as described by Judges Sparks and Atlas are:

> (1) "the decision to permit such an appeal is firmly within the district court's discretion;" (2) the statute "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion;" (3) **"the issue for appeal must involve a question of *law* – not fact"** and a **"'question of law' does *not* mean the application of settled law to disputed facts;"** (4) the "issue for appeal must involve a *controlling* question of law;" (5) permitting an interlocutory appeal must "speed up the litigation;" and (6) **"there must be substantial ground for difference of opinion over the controlling question of law for certification under § 1292(b)."**

*In Re Cobalt,* at *2 (emp. added).

25. Plaintiffs' Motion for Reconsideration is nothing more than a vehicle to question the correctness of the Court's ruling or to obtain a second more favorable opinion. It neither identifies a question of law in dispute nor identifies how there is substantial difference of opinion over the controlling question of law. It further fails to clarify how the interlocutory appeal would

11

"speed up the litigation." In fact, an interlocutory appeal in this case would drastically extend the litigation. All that remains pending before the Court is Defendants' claim for declaratory relief that Defendants have requested be dismissed without prejudice. [Doc. 37]. Defendants re-urge the Court to permit the dismissal of their remaining claim without prejudice and thereafter enter a final judgment in this cause. Defendants further aver that Plaintiffs' suggestion that they wish to speed up the litigation through an interlocutory appeal is actually an effort at slowing down the litigation. Nothing can be gained by allowing Plaintiffs to tie this matter up on an interlocutory appeal (for likely nine to twelve months) and then endure a second appeal upon the final resolution of any remaining claims before the Court.

23. If Plaintiffs desire to challenge the Court's well-reasoned grant of summary judgment on appeal then so be it. However, Plaintiffs should not be afforded the ability to drag out this litigation by creating what will certainly result in two appeals instead of just one.

### IV. CONCLUSION

The Court did not err in its grant of summary judgment in favor of Defendants. WHEREFORE, Defendants Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 and Fay Servicing, LLC respectfully request that the Court deny Plaintiffs Motion for Reconsideration and Motion to Certify. Defendants re-urge their request for the dismissal of their remaining claim for declaratory relief without prejudice and thereafter request the Court to enter a final judgment in this cause in favor Defendants. Defendants further request that the Court grant them all such other and further relief, in law or in equity, to which they may be justly entitled.

Respectfully submitted,

**HOPKINS LAW, PLLC**

By:    /s/ *Mark D. Hopkins*
      Mark D. Hopkins
      State Bar No. 00793975
      Shelley L. Hopkins
      State Bar No. 24036497
      3809 Juniper Trace, Suite 101
      Austin, Texas 78738
      (512) 600-4320
      mark@hopkinslawtexas.com
      shelley@hopkinslawtexas.com

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

      Crystal G. Gibson
      State Bar No. 24027322
      4004 Belt Line Rd., Ste. 101
      Addison, Texas 75001
      (972) 340-7901
      (972) 341-0783 (Facsimile)
      CrystalR@bdfgroup.com

      **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 18th day of May 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Paul Stafford
12923 Epps Field Road
Farmers Branch, Texas 75234
pstaffordjd@gmail.com

Telea Stafford
12923 Epps Field Road
Farmers Branch, Texas 75234
pstaffordjd@gmail.com

                /s/ *Mark D. Hopkins*
                Mark D. Hopkins